(No. 70564

JACOB L. WASHINGTON, SR., Adm'r of the Estate of Jacob L. Washington, Jr., Deceased, *et al.*, Appellees, v. ILLINOIS POWER COMPANY, Appellant.

*Opinion filed October 17, 1991.*

Lisa K. Franke, Gordon R. Broom, and J. Todd Hayes, of Burroughs, Simpson, Hepler, Broom & MacDonald, of Edwardsville, for appellant.

G. Edward Moorman, of Williamson, Webster, Groshong, Moorman & Falb, of Alton, for appellees.

JUSTICE CLARK delivered the opinion of the court:

In November 1987, appellees Jacob and Lillie Washington sued appellant Illinois Power Company in the circuit court of Madison County for damages sustained as a result of the death of their 11-year-old son, Jacob Jr., whose death occurred in Bond County. Appellant moved

to dismiss the action on *forum non conveniens* grounds or, alternatively, to transfer the action to Bond County. The motion was denied by the circuit court and the appellate court affirmed, with one justice dissenting (200 Ill. App. 3d 939). We allowed appellant's petition for leave to appeal to this court (134 Ill. 2d R. 315).

Appellees allege that appellant owned and maintained three electrical power lines which ran through a tree in front of appellees' home. Appellees allege that at least one of the lines was uninsulated and that on July 31, 1987, Jacob Jr., while climbing the tree, came into contact with the uninsulated line and was electrocuted. His mother witnessed the incident. Appellees further allege that as a result of the emotional and psychological injuries brought on by witnessing her son's death, Mrs. Washington has been hospitalized in St. Louis, Missouri. Her treating physicians maintain practices in St. Louis and St. Clair County, Illinois.

Whether appellant is liable for damages arising as a result of Jacob Jr.'s death is not presently at issue. We are here concerned only with the propriety of appellees' choice of forum. The law is well settled that the trial court is afforded very broad discretion in determining whether particular circumstances warrant a transfer of a cause from its jurisdiction to another court's under the doctrine of *forum non conveniens*. (See, *e.g., Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 365; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366.) The trial court's decision will be reversed on review only upon showing that, in deciding as it did, the court clearly abused that discretion. (*Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 257, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266.) With this in mind, our review of the record leads us to hold that the trial court abused its discretion in denying defendant's *forum non conveniens* motion.

The Illinois venue statute provides that an action may be commenced in the county of residence of any defendant who is joined in good faith or in the county in which the cause of action arose. (Ill. Rev. Stat. 1987, ch. 110, par. 2—101.) However, the doctrine of *forum non conveniens* allows the court in which the action was filed to decline jurisdiction and direct the lawsuit to an alternative forum which the court determines can better serve the convenience of the parties and the ends of justice. *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359.

In *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839, the United States Supreme Court established a balancing test of sorts, where the private interests at stake in litigating an action in one forum are weighed against the competing public interests. The Court observed that the interest most likely to be pressed is the private interest of the litigant and, in that regard, the important considerations include:

> "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." (*Gulf Oil*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843.)

Public factors to be considered include the status of the court docket where the action was filed, imposition of jury duty on the community, and the local interest in having a localized controversy resolved at home. With these considerations in mind, the Court concluded that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843.

This court has on many prior occasions been asked to review a trial court's ruling on a *forum non conveniens* motion. Until 1983, application of the doctrine was limited to motions for interstate transfers. Then, in *Torres v. Walsh* (1983), 98 Ill. 2d 338, this court held that the *forum non conveniens* doctrine also applied to intrastate transfers. The court stated that the same considerations of convenience and fairness are applicable in deciding the question of forum for trial in an intrastate analysis. *Torres*, 98 Ill. 2d at 351.

This court has routinely held that "[a] plaintiff's right to select the forum is a substantial one, and unless the factors weigh strongly in favor of transfer, ' "the plaintiff's choice of forum should rarely be disturbed." ' " (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 106 (quoting *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73, and *Gulf Oil*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843).) However, the Supreme Court has recognized that the rule giving preference to the plaintiff's choice of forum is not entitled to the same weight or consideration in all cases. (*Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 435-36, 102 S. Ct. 252, 266.) When a plaintiff does not reside in the county in which he files suit, his choice of forum is entitled to less deference.

In the present case, appellees are residents of Bond County. They have chosen to sue in a county in which they are not residents, Madison County. Appellant is a public utility engaged in the sale of electric energy in Illinois. For purposes of venue, the residence of a corporation is any county in which it has its registered office or is doing business. (Ill. Rev. Stat. 1987, ch. 110, par. 2—102(a).) The record does not indicate the county in which appellant's registered office is located, but the company does provide service to both Madison and Bond Counties.

Mrs. Washington's two treating physicians have offices in St. Louis, Missouri, and St. Clair County, Illinois, which, the record indicates, are closer to Madison County than to Bond County. Although proximity is a factor to consider, it is only one in the list of considerations repeatedly discussed by this court. See *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 227 ("Mileage is but one factor of convenience. 'If central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable.' [Citations]").

Moreover, the location of a treating physician was a factor in this court's opinion in *Bland v. Norfolk & Western Ry. Co.* where we reversed an order denying a *forum non conveniens* motion. In that case, the plaintiff filed an action in Madison County and the defendant sought to have the cause transferred to Macon County. Two of the plaintiff's treating physicians had offices in Madison County. Nonetheless, this court held that the trial court erred when it refused to transfer the case to Macon County, the residence of the plaintiff's remaining physicians.

In the present case, neither of appellees' treating physicians has an office in the county where the lawsuit was filed. Appellees suggest that because the offices of the physicians are closer to Madison County than they are to Bond County, Madison County is the more convenient forum for the lawsuit. Although this may make Madison County more convenient, it does not weaken the considerations favoring a trial in Bond County. We are not persuaded by appellees' logic and consider our statement in *Bland* to be relevant to the present situation:

> "One should be cautious, however, not to give undue weight to the fact that a plaintiff's treating physician or expert has an office in the plaintiff's chosen forum. To do

> so would allow a plaintiff to easily frustrate the *forum non conveniens* principle by selecting as a witness a treating physician or expert in what would, in reality, be an inconvenient forum." *Bland*, 116 Ill. 2d at 227.

Appellees also argue that nine witnesses they intend to call at trial, all of whom are residents of Bond County, have executed affidavits testifying that they will attend trial in Madison County. Appellees argue further that they will pay the costs associated with transporting the witnesses to Madison County.

Again, as with appellees' other points, this court considered—and rejected—the nearly identical issue in *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 229-30. As we noted in that opinion, this argument does not address all of the issues involved. First, appellant's witnesses are also located in Bond County; the cost and inconvenience of bringing these witnesses to Madison County must also be considered. Next, appellees' offer to pay the costs associated with bringing their witnesses to Madison County does not solve all of the practical problems associated with trial in this forum. It does not address the difficulties attendant upon a trial in a docket as crowded as Madison County's. Particular witnesses may only be available to appear on particular days, which may not be the same for all witnesses and, most important, which may not fit into the court calendar. When all the witnesses are in the same forum, a trial may be squeezed into empty spaces in the court calendar, sometimes with continuances in between. If an unforeseen situation develops in the midst of a trial and a continuance is required, the witnesses may all need to be sent home and then return at a later date. Although the county seat of Madison County is only approximately 30 miles from that of Bond County, this extra expense and inconvenience should not be imposed on appellant.

Moreover, all of the sources of proof are located in Bond County. If it is determined that viewing the premises is appropriate, the situs of the injury is in Bond County. Although, subsequent to the accident, appellant removed the tree Jacob Jr. was climbing, the propriety of viewing the scene is a decision to be left to the trial court.

We consider next the factors of public concern. When considering these factors, it is appropriate for the circuit court to consider the congestion of the court docket of the chosen forum. (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 375.) This court has found the annual report of the Administrative Office of the Illinois Courts to be a proper source of reference in assessing court congestion. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 230; *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 122.) This court has already taken notice of Madison County's congested court docket (*Bland*, 116 Ill. 2d at 230-31; see also *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 291) and this situation is bourne out by the observation in the opinion below that this case would have been numbered 87—L—16 in Bond County instead of 87—L—1365 in Madison County. See *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 123 (where this court stated that "it is not our intent to in any manner interfere with plaintiff's choice of counsel. But those rights, important as they are, cannot be permitted to override the public interest in, and need for, an orderly, *efficiently operated judicial system*" (emphasis added)).

The local interest in this case is great. Although it is true that *any* county to which appellant provides service has an interest in the outcome of the case, the interest of none of these counties is greater than that of Bond County, where the accident occurred.

The final factor in favor of conducting the trial in Bond County, as recognized by the opinion below, is jury duty. As stated in *Gulf Oil*, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." (*Gulf Oil*, 330 U.S. at 508-09, 91 L. Ed. at 1062, 67 S. Ct. at 843.) We see no reason for imposing this burden on the citizens of Madison County.

For the foregoing reasons, the judgments of the circuit and appellate courts are reversed. The cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Judgments reversed;*
*cause remanded.*