MARLENE TRENT, Adm'r of the Estate of Phillip Lynn Trent, Deceased, Plaintiff-Appellee, v. CATERPILLAR, INC., *et al.*, Defendants-Appellants.

First District (4th Division)   Nos. 1—90—1746, 1—90—1747 cons.

Opinion filed August 13, 1992.

Michael R. Feagley, Michele Odorizzi, and Janet L. Reed, all of Mayer, Brown & Platt, of Chicago, for appellant Caterpillar, Inc.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, James K. Horstman, Thomas H. Neuckrantz, and Lloyd E. Williams, Jr., of counsel), for appellant Goodyear Tire & Rubber Company.

Philip Harnett Corboy, Jr., of Corboy & Demetrio, P.C., of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Marlene Trent, brought a wrongful death action in the circuit court of Cook County, in her capacity as administrator of her husband's estate, against defendants, Caterpillar, Inc. (hereinafter Caterpillar), and Goodyear Tire & Rubber Company (hereinafter Goodyear). Plaintiff alleged that her husband, Phillip Lynn Trent, was killed as a result of a defect in a truck manufactured by Caterpillar,

or a defect in the tires on that truck that were manufactured by Goodyear. Caterpillar and Goodyear made motions to dismiss the action based upon the doctrine of *forum non conveniens*. The trial court denied these motions. Defendants then filed petitions for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii). (134 Ill. 2d R. 306(a)(1)(ii).) The appellate court granted defendants leave to appeal on July 20, 1990.

The sole issue on review is whether the trial court abused its discretion by denying defendants' motions to dismiss on the grounds of *forum non conveniens*.

We reverse and remand.

Phillip Lynn Trent owned and operated Trent Enterprises, a business that engaged in strip mining. On August 28, 1988, Trent Enterprises was strip mining a site in Norton, Virginia, when Phillip heard an explosion. He left his office to investigate and discovered that an eight-foot tire on a hauler truck had exploded. The tire which exploded was manufactured by defendant Goodyear in Akron, Ohio. The hauler truck was manufactured by defendant Caterpillar in Peoria, Illinois. As Phillip examined the truck, the left rear tire, which was also manufactured by Goodyear, exploded and fatally injured him.

At the time of the accident, decedent and plaintiff were residents of Virginia. Plaintiff was appointed the executor of her husband's estate by a Virginia State court. On December 29, 1989, plaintiff, in her capacity as executor, brought a wrongful death action against defendants in the circuit court of Cook County, Illinois. The complaint stated that a defect in either the truck or the tires caused the explosion which killed her husband. Plaintiff alleged negligence and strict liability in tort on the part of both defendants.

Defendants moved to dismiss the complaint on the grounds of *forum non conveniens* and sought venue in a Virginia State court located in Wise County, Virginia. Defendants maintained that the complaint should be dismissed and venue changed for the following reasons: (1) neither the truck nor the tires were designed or manufactured in Cook County, Illinois; (2) all of the nonparty witnesses who could testify with respect to the maintenance and operation of the vehicle reside in Virginia; (3) all of the witnesses who could testify to the events surrounding the accident, including decedent's medical condition, reside in Virginia; (4) the expense incurred in investigating, interviewing and deposing numerous Virginia residents in Cook County, Illinois, would be excessive; and (5) the litigation has no factual connection to Cook County, Illinois.

In opposing the motions, plaintiff argued that Cook County, Illinois, is an appropriate forum because she chose it and because it is more accessible to defendants' employees and both parties' expert witnesses than is rural Virginia.

After a hearing on the motions, the trial court entered an order without opinion denying defendants' motions to dismiss. Subsequently, defendants petitioned this court for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii). 134 Ill. 2d R. 306(a)(1)(ii).

On appeal, defendants contend that the trial court erred in denying their motions to dismiss on the grounds of *forum non conveniens*. The trial court has broad discretion in determining whether to transfer a cause to another jurisdiction on the basis of *forum non conveniens* (see *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 398), and its decision will not be disturbed absent a clear abuse of discretion. *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 257, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266; *Walsh v. Ramada Inns, Inc.* (1989), 194 Ill. App. 3d 945, 947.

" 'Forum non conveniens* is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration.' " (*Vinson v. Allstate* (1991), 144 Ill. 2d 306, 310, quoting *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514.) A court may decline to exercise jurisdiction over a case under the doctrine of *forum non conveniens* whenever it appears that there is another forum with proper jurisdiction over the parties and the subject matter, which is more convenient and which may better serve the interests of justice. *Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 527.

When deciding whether to grant a motion to dismiss pursuant to the doctrine of *forum non conveniens*, a trial court must balance the public interests affecting the administration of the courts with the private interests affecting the convenience of the litigants. (*Vinson*, 144 Ill. 2d at 310.) The private and public interest factors which courts must balance were established by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839. In *Gulf Oil Corp.*, the Supreme Court held that the relevant private interest factors include the accessibility of sources of proof, the availability of witnesses, the availability of compulsory service of process to compel the appearance of unwilling witnesses, the cost of obtaining witnesses, the possibility of viewing the premises in question if appropriate, the convenience of the parties, and "all other practical problems that make trial of a case easy, expeditious and in-

expensive." *Gulf Oil Corp.*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843; *Vinson*, 144 Ill. 2d at 310.

The relevant public interest factors "include the administrative difficulties flowing from court congestion; 'a local interest in having localized controversies decided at home'; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 224, quoting *Gulf Oil Corp.*, 330 U.S. at 509, 91 L. Ed. at 1063, 67 S. Ct. at 843.

Under the doctrine of *forum non conveniens*, deference is usually given to the plaintiff's choice of forum. (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 106; *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.) However, a plaintiff's choice is entitled to less deference when the plaintiff does not reside in the chosen forum (*Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 435-36, 102 S. Ct. 252, 266; *Griffith*, 136 Ill. 2d at 106), "because it is less reasonable to assume that a foreign forum is convenient." *Walsh v. Ramada Inns, Inc.* (1989), 194 Ill. App. 3d 945, 948.

Our Illinois Supreme Court recently provided additional guidance in balancing the public and private interests on a motion to dismiss on the grounds of *forum non conveniens* in *Vinson v. Allstate* (1991), 144 Ill. 2d 306, and *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395.

In *Vinson*, plaintiffs, residents of Missouri, filed an insurance claim with Allstate Insurance Company after their home was destroyed in a fire. Allstate refused to pay the claim and plaintiffs brought an action in the circuit court of Alexander County, Illinois. The trial court denied Allstate's motion to dismiss on the grounds of *forum non conveniens*. The trial court found that since Allstate conducted business in Alexander County and was a corporate resident in Illinois, Alexander County court was an appropriate forum. It further found that Allstate would not have difficulty obtaining the attendance of witnesses and that the case would not unduly burden the Alexander County court. After the appellate court refused to take defendant's appeal, the Illinois Supreme Court granted a petition for leave to appeal and reversed. The court found that it was error to weigh the fact that Allstate conducted business in Alexander County in conjunction with the other private and public interest factors in ruling on the motion. The court stated that " '[M]erely conducting business in [Alexander] County does not affect the *forum non conveniens* issue ***.' " (*Vinson*, 144 Ill. 2d at 311, quoting *Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 540.) The court also recognized that most of

the witnesses resided in Missouri and that Illinois courts did not have subpoena power over them. *Vinson*, 144 Ill. 2d at 312.

The court also found that the public interest factors did not favor Alexander County. The court reasoned that since plaintiffs were residents of Missouri and the accident occurred in Missouri, residents of Illinois should not be burdened with jury duty. (*Vinson v. Allstate* (1991), 144 Ill. 2d 306, 313.) The court stated that the dispute had significant connections to Missouri and that the residents of Missouri would certainly have " 'a local interest in having localized controversies decided at home.' " *Vinson*, 144 Ill. 2d at 313, quoting *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 224.

Similarly, in *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, the court found that the public interest in having the controversy decided in the forum where the injury occurred and where the plaintiff resided was not outweighed by other considerations. In *Washington*, plaintiffs resided in Bond County but chose to file an action in nearby Madison County after their son was killed, allegedly by defendant's uninsulated electrical power lines. The trial court denied defendant's motion for transfer to Bond County on *forum non conveniens* grounds and the appellate court, in a split decision, affirmed. See *Washington v. Illinois Power Co.* (1990), 200 Ill. App. 3d 939.

On appeal, the Illinois Supreme Court reversed. In doing so, the court recognized that the same considerations of convenience and fairness applied in deciding a motion for interstate transfer are applicable in deciding a motion for intrastate transfer. (*Washington*, 144 Ill. 2d at 400, citing *Torres v. Walsh* (1983), 98 Ill. 2d 338, 351.) The court recognized that since plaintiffs were not residents of Madison County, the county in which they chose to bring the action, their choice of forum was entitled to less deference. The court also noted that although plaintiffs had witnesses who were located closer to Madison County than to Bond County, proximity was only one factor on the list of considerations. (*Washington*, 144 Ill. 2d at 401.) The court stated that although Madison County may be more convenient, it did not weaken the considerations favoring trial in Bond County. (*Washington*, 144 Ill. 2d at 401.) The court also found that the sources of proof were located in Bond County.

In weighing the public factors, the court found that the local interest in hearing the case was greatest in Bond County, where the accident occurred. The court stated that, "[a]lthough it is true that *any* county to which [defendant] provides service has an interest in the outcome of the case, the interest of none of these [forums] is greater than that of *** where the accident occurred." (*Washington v. Illinois*

*Power Co.* (1991), 144 Ill. 2d 395, 403.) In conclusion, the court found that there was no reason for imposing the burden of jury duty upon the citizens of Madison County, since they had no relation to the litigation. *Washington,* 144 Ill. 2d at 404.

■ In the case at bar, defendant Caterpillar manufactured the allegedly defective truck in Decatur, Illinois, which is located in Macon County. Caterpillar has its principal place of business in Peoria, Illinois, which is in Peoria County. The truck was shipped to Virginia, where it was purchased by Trent Enterprises. The tire that exploded was manufactured in Ohio by defendant Goodyear, which is headquartered in Akron, Ohio.

Plaintiff asserts that she must conduct discovery into the processes behind the design and manufacturing of Caterpillar's truck and Goodyear's tires. Plaintiff further asserts that most of the records and witnesses will be found in defendants' offices, which are located in Illinois and in Ohio. Plaintiff further asserts that since there are two major airports and many major hotels in Chicago, Cook County is an appropriate forum for this litigation. Lastly, plaintiff asserts that Cook County is more convenient because her attorney practices law in Chicago. Defendants counter that most of the witnesses who are qualified to testify with respect to the maintenance of the truck and tires reside in Virginia. Defendants further contend that the only people who are qualified to testify concerning the decedent's medical condition are residents of Virginia. Defendants also contend that dismissal is warranted because there are no relevant documents in Cook County and this litigation has no connection to Cook County.

The court in *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, found that accessibility alone is not enough to make a county convenient where there are no witnesses in the chosen forum. (*Washington,* 144 Ill. 2d at 401.) Furthermore, the court recognized that in weighing the private interests on a motion to transfer on the grounds of *forum non conveniens,* the cost and convenience of both plaintiffs' and defendants' witnesses should be taken into consideration. See *Washington,* 144 Ill. 2d at 402.

Here, there are no witnesses who reside in Cook County, nor are there any relevant documents in Cook County. Most of the witnesses, including the persons who operated and maintained the truck, who observed the explosion, and who treated the decedent prior to his death, reside in Virginia and are, therefore, beyond the compulsory process of an Illinois court. In addition, there is no evidence in the record to suggest that defendant Goodyear has any relevant connection to Illinois. Although Cook County may be a convenient forum for plaintiff,

it does not weaken the considerations favoring a trial in Virginia. See *Washington*, 144 Ill. 2d at 401.

■ We now turn our attention to the public interest factors. Our supreme court has made clear that the place of injury is a critical factor to be considered where a nonresident plaintiff seeks redress for an injury that occurred outside his or her chosen forum. Here, plaintiff is a resident of Virginia and the injury giving rise to this litigation occurred in Virginia. We believe the local interest in having this controversy decided is greatest in Virginia where the accident occurred. Although Illinois residents have an interest in promoting the safe construction of machinery within its boundaries, Virginia has a greater interest in protecting its citizens from unsafe products.

Having considered each of the public interest factors, we find that Virginia has the most significant relationship with the occurrence and the parties and, therefore, the law of Virginia should apply here. We recognize that "[t]he need to apply the law of a foreign jurisdiction has been considered a significant factor favoring dismissal of a suit on grounds of *forum non conveniens*." *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 80.

Lastly, according to the Annual Report of the Administrative Office of the Illinois Courts, the court dockets in Cook County are congested. (*Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 403 (where the court found the Annual Report of the Administrative Office of the Illinois Courts to be a proper source of reference in assessing court congestion); see also *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 230.) We find no sound reason to further congest the Cook County court dockets, nor do we find reason for imposing the burden of jury duty upon the citizens of Cook County since they have no relation to this litigation. (See *Washington*, 144 Ill. 2d at 404.) Finally, the fact that plaintiff's attorney practices law in Cook County " 'cannot be permitted to override the public interest in, and need for, an orderly, *efficiently operated judicial system.*' " (Emphasis in original.) *Washington*, 144 Ill. 2d at 403, quoting *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 123.

On balance, we believe that plaintiff's choice of forum is outweighed by other considerations. We therefore find that the trial court abused its discretion when it denied defendants' motions to dismiss on the grounds of *forum non conveniens*.

For the aforementioned reasons, we reverse the trial court's order and remand the cause with directions to grant defendants' motions to dismiss on the grounds of *forum non conveniens*. Pursuant to Supreme Court Rule 187(c)(2) (134 Ill. 2d R. 187(c)(2)), the trial

court's order is contingent upon defendants agreeing to waive the statute of limitations as a defense and agreeing to accept service of process in an alternative forum.

Reversed and remanded, with directions.

JIGANTI, P.J., and LINN, J., concur.