ROBERT MOWEN, Plaintiff-Appellee, v. ILLINOIS VALLEY SUPPLY COMPANY *et al.*, Defendants-Appellants.

Fifth District    No. 5—93—0365

Opinion filed February 7, 1994.

Charles C. Compton, of Reed, Armstrong, Gorman, Coffey, Thomson, Gilbert & Mudge, P.C., of Edwardsville, and David R. Schlee and Charles W. Gordon, Jr., both of Smith, Gill, Fisher & Butts, of Kansas City, Missouri, for appellant Illinois Valley Supply Company.

Michael J. Nester, of Donovan, Rose, Nester & Szewczyk, P.C., of Belleville, and Steve Gaskins, of Cosgrove, Flynn, Gaskins & O'Connor, of Minneapolis, Minnesota, for appellant Honeywell, Inc.

Bruce N. Cook and Harriet H. Hamilton, both of Cook, Shevlin, Ysursa, Brauer & Bartholomew, Ltd., of Belleville, for appellee.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:

Leave to appeal was granted to the defendants, Illinois Valley Supply Company (Illinois Valley) and Honeywell, Inc. (Honeywell), pursuant to Supreme Court Rule 306(a)(1)(ii) (134 Ill. 2d R. 306(a)(1)(ii)) from an order of the trial court denying defendants' motions to transfer venue from Madison County to Jersey County on the grounds of *forum non conveniens*. We affirm the ruling of the trial court.

Plaintiff was allegedly injured from an explosion of his water heater in his home in Jersey County, Illinois, on July 28, 1990. He filed suit in Madison County, Illinois, alleging negligence on the part of Illinois Valley in selling propane gas to plaintiff in a defective and dangerous condition in that it had a defective odorant or it had no odorant. Plaintiff sued Honeywell for alleged negligence in manufacturing, designing, and failing to give adequate warnings and instructions on the use, maintenance, and life expectancy of the gas valve to the water heater that exploded, causing plaintiff to be burnt over 80% of his body.

Illinois Valley is a Missouri corporation with its main office in Carrollton, Greene County, Illinois. It does not do business in Madison County. Honeywell is a Delaware corporation with its principal place of business in Minneapolis, Minnesota. Honeywell does business in Madison County.

The plaintiff admitted in his interrogatories to having purchased a LP gas cylinder from Illinois Valley in Kane, Jersey County, Illinois, the day before the explosion. Following the accident, plaintiff drove himself to Jersey Community Hospital and received emergency medical treatment before being transferred to St. John's Mercy Medical Center in St. Louis, Missouri. Plaintiff stayed at St. John's for over four months and was then admitted to a nursing home, the location of which is undisclosed. Plaintiff fell, while in the nursing home, and injured his hip. He was then admitted to the Wood River

Community Hospital in Wood River, Madison County, Illinois, for one month. Plaintiff directs our attention to the "Secondary" reason on the admission record of Wood River Community Hospital, which states, "Status post severe burn with resultant multiple organ failure, such as adrenal failure, liver failure, pulmonary failure, septicemia and metabolic encephalopathy, Parkinsonism symptoms and secondary to medication ***." Defendants claim that the admission was for a hip injury unrelated to the accident, while plaintiff maintains that the fall and injury were caused by the medical condition of plaintiff due to the explosion and burns.

Defendants basically claim that there is no connection between the accident to plaintiff and Madison County. The site of the accident was in Jersey County, plaintiff lives in Jersey County, and the majority of the witnesses live in Jersey County. Further, the defendants claim that the court docket is more crowded in Madison County and that the cost of obtaining willing witnesses would be greater for a trial in Madison County than in Jersey County.

Plaintiff's right to select the forum is considered by our courts to be a substantial one that should rarely be disturbed unless there are public and private factors that weigh strongly in favor of transfer. (*Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 581 N.E.2d 644.) The substantial right of the plaintiff to select the forum is given less deference when, as in the case at bar, the plaintiff does not reside in the county in which he files suit. *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 581 N.E.2d 644.

The defendants, however, have the burden of showing plaintiff's forum will be unduly burdensome or inconvenient to them. (*Moffitt v. Illinois Power Co.* (1993), 248 Ill. App. 3d 752, 618 N.E.2d 1305.) All too often, defendants, in seeking to change the forum, argue and attempt to prove that the forum may be inconvenient or burdensome to the plaintiff, but they never argue or prove why the forum is more inconvenient and costly to them. Further, it is the duty of this court to determine if the trial court acted arbitrarily, without employing conscientious judgment, or whether, in view of all of the circumstances, the court exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice results. (*Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 581 N.E.2d 644.) In reviewing the trial court's decision, we must consider the public- and private-interest factors. *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 554 N.E.2d 209.

Before discussing the private and public factors, we need to review some of the evidence and the allegations in the complaint. It is true that the situs of the accident was in Jersey County. The situs

of the negligence, if any, however, may not have occurred in Jersey County. Illinois Valley stated in the discovery that it does not mix an odorant with the propane, but that it buys the propane already mixed with the odorant from a supplier doing business as "CBI," whose principals are Bob Wheatley of Highland, Madison County, Illinois, and Charles Updike, Jerseyville, Jersey County, Illinois. The propane is delivered to Illinois Valley's storage facility, the whereabouts of which is not contained in the record before this court. However, we do know that the principal place of business of Illinois Valley is in Carrollton, Greene County, Illinois, and Illinois Valley never asserts that its storage facility is located in Jersey County. It is also unknown at this stage of the proceedings where "CBI" has its office and storage facilities. Suffice it to say, if an odorant was negligently omitted from the propane, that negligent omission most likely did not occur in Jersey County. The burden is on Illinois Valley to show that the odorant was or should have been injected into the propane in Jersey County, and since Illinois Valley failed to meet its burden, we are free to assume that the situs of the negligence, if any, was not in Jersey County. The parties are still in the discovery stage, so there may be additional defendants or third-party defendants if evidence develops that an odorant was omitted from the gas by some other party.

The plaintiff alleges that Honeywell was negligent in manufacturing and designing the gas valve and in not warning the plaintiff of the life expectancy of the gas valve. Honeywell admitted that it did not design or manufacture the gas valve in Jersey County. Further, any omission in attaching adequate warnings by Honeywell would not have occurred in Jersey County. Thus, if there was negligence on the part of Honeywell, the acts or omissions did not occur in Jersey County.

■ Turning to the private-interest factors, the supreme court has set forth that these factors include the " 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling [witnesses], and the cost of obtaining attendance of willing witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 224, quoting *Gulf Oil Corp v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.

We first note that there were no direct witnesses to the explosion other than the plaintiff. Plaintiff rightfully complains that Honeywell's list of witnesses consists of plaintiff's neighbors, deputy sheriffs,

and acquaintances from Jersey County that may have little or nothing to contribute to the case. It is not shown in the record where the State Fire Marshal, who might have investigated the fire, is located. Not only do the most important and expensive witnesses, such as both plaintiff's and defendants' investigators, the tester of the propane tank for odorant, the analysts of the gas valve, and the vast majority of the medical providers, live outside of Jersey County, but many also reside outside of the State of Illinois.

Defendants assert that plaintiff's stay in the Wood River Hospital was unrelated to the injuries that plaintiff received due to the explosion, while plaintiff maintains that his fall was the result of his accident-related disabilities. Based on the record before us, we do not know. If plaintiff is correct, however, the plaintiff should be more successful and incur less expense in attaining physicians', nurses' and other medical personnel's testimony from this Madison County hospital, if the case were tried in Madison County than he would if the case were tried in Jersey County.

Jersey County lies northwest of Madison County. Greene County lies north of Jersey County. The first thing that is noticeable in looking at Jersey County on the Illinois highway map published by the Secretary of State is the lack of an interstate highway in Jersey County. Access to St. Louis can only be attained through Madison County. Whether the witnesses drive, fly, or take a train, Madison County is more accessible than Jersey County to all of the witnesses that will be called to testify except for those residing in Jersey and Greene Counties. Further, if the parties wish to obtain live testimony from the medical personnel from St. John's in St. Louis, they most likely would have a better chance in convincing those witnesses to come to Edwardsville than they would in convincing them to travel to Jerseyville. We must keep in mind that the plaintiff spent four months in the hospital in St. Louis and one month in the hospital in Wood River with various ailments that required treatment by specialists, so that there may be considerable medical personnel that could be called to testify as to treatment of the plaintiff for his injuries. Madison County definitely is more convenient and less costly for the procurement of this medical personnel as witnesses than Jersey County.

We further note that Honeywell's attorneys' offices are in Belleville, St. Clair County, Illinois, and Minneapolis, Minnesota. Illinois Valley's attorneys' offices are in Edwardsville, Madison County, Illinois, and Kansas City, Missouri. The plaintiff's attorney's office is located in Belleville. In *Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 568 N.E.2d 883, our supreme court indicated that some

weight, albeit a small amount, could be given to the location of the attorneys for the parties. Whether the attorneys drive, fly, or take a train, they must go through Madison County to reach Jersey County. The cost to the litigants of their attorneys is less and the convenience to their attorneys is greater if the case is tried in Madison County.

The consideration of the convenience of the parties and their attorneys involves more than distance to the courthouse. We are instructed by the supreme court in *Bland* to consider the practical problems that make the trial of a case easy, expeditious, and inexpensive. In doing so, we must keep in mind that this case is a major products liability case as opposed to an ordinary tort action involving a vehicle collision. The attorneys most likely will need access to a conference room to discuss matters with their clients and witnesses, a law library, a fax machine, telephones, a VCR, and a television set. They may be required to provide motel accommodations and transportation to the courthouse for the many out-of-State witnesses. The availability of all of these items in the forum bears upon the question of convenience and cost to the parties. Will the litigants be compelled to lease the use of local attorneys' offices, assuming such are available, if the case were tried in Jersey County? Does Jersey County have the accommodations and facilities to conveniently and inexpensively try a major case? We note that the 1991 annual report of the Administrative Office of the Illinois Courts shows that Madison County terminated 76 cases by jury trial for law over $15,000 in 1991, as opposed to just two cases in Jersey County. The trial judge could take into consideration that Madison County has the facilities and experience in trying complex litigation. There is nothing in the record about the facilities, accommodations, and the capability of Jersey County to conveniently and inexpensively try a major case.

Defendants seize upon statements made by our supreme court in *Cook v. General Electric Co.* (1992), 146 Ill. 2d 548, 588 N.E.2d 1087, and *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 506 N.E.2d 1291, that courts must be cautious not to give undue weight to the location of plaintiff's treating physician or expert, because plaintiff could easily frustrate the *forum non conveniens* principle by selecting a physician or expert from a inconvenient forum. The supreme court did not say that no weight should be given to the location of plaintiff's physician. In fact, the supreme court did not say that we should not give great weight to the location of the plaintiff's physician. Instead, we should only be cautious to ensure that plaintiff is not merely attempting to frustrate the *forum non conveniens* principle. Expert testimony in person before a jury can be very effective as opposed to an evidence deposition or even a video deposi-

tion. The courts should be careful not to thwart a party's access in attaining live testimony from an expert by forcing a trial in an inconvenient forum.

There is no evidence or hint of any effort by plaintiff to frustrate the *forum non conveniens* principle by selecting physicians outside of Jersey County. The Jersey Community Hospital transferred plaintiff to St. John's Mercy Medical Center in St. Louis, not because of any request by plaintiff but because the hospital lacked the capability to treat major burns. Further, there is no evidence that plaintiff could have best been treated in the Jersey Community Hospital for rehabilitative medical care rather than in the Wood River Hospital. Plaintiff maintains that Jersey Community Hospital does not provide rehabilitative medical care and that the trial judge took "judicial notice" of such. Defendants do not deny or refute plaintiff's contention or the trial judge's "judicial notice." There is no question that Madison County is more convenient to all of the medical personnel from St. John's and Wood River than Jersey County.

As to the possibility that the judge may want the jury to view the premises where the explosion occurred, it does not exist in this case. The premises burnt down.

Finally, we once again ask how would a trial in Madison County be less convenient or more costly to the defendants than Jersey County? Madison County is more convenient for defendants' attorneys and more convenient for defendants' expert witnesses. Madison County may be less convenient for the president of Illinois Valley, as Greene County lies north of Jersey County, but Madison County is certainly more convenient for Illinois Valley's attorney, since the attorney's office is located at 101 North Main in Edwardsville, while the Madison County Courthouse is located at 155 North Main Street in Edwardsville.

■ Turning now to the public factors to be considered and weighed, we are instructed that these factors include "the status of the court docket where the action was filed, imposition of jury duty on the community, and the local interest in having a localized controversy resolved at home." *Washington*, 144 Ill. 2d at 399, 581 N.E.2d at 645.

In many forum cases from Madison County, the moving parties cite *Bland* for the proposition that the supreme court has taken judicial notice of the congested dockets of Madison County. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 506 N.E.2d 1291.) The case at bar is no exception. However, the defendants do not cite the statistics for Jersey County and compare them to the statistics from Madison County based on the most recent annual report of the

Administrative Office of the Illinois Courts, being the 1991 report. In this report, the average time lapse in Madison County in law jury cases over $15,000 for termination of the case was 40.1 months, whereas in Jersey County the average time lapse in law jury cases was 68.1 months. If we reversed the trial judge, this case will most likely span the decade of the nineties.

We fully appreciate the sacrifice that the citizens of a county make in serving on juries. It costs not only the juror's time, but in many cases money and a lot of aggravation. It costs the county not only jury fees, but also personnel and building costs. It costs employers of jurors time, money, and aggravation. It may cause delays in services to consumers. The argument is made that it simply is not fair to put the burden of the case at bar on the citizens and court in Madison County as opposed to the citizens and the court in Jersey County. We would be more sympathetic to this argument if the defendants resided in Jersey County, if the alleged negligence with the resulting accident occurred in Jersey County, and if the damages suffered by plaintiff occurred solely in Jersey County. We are not so convinced, however, that the citizens of Madison County will be unfairly burdened with trial of this case.

There are many factors to be considered before one can say that the citizens of one county are more burdened with the trial of a case than the citizens of another county would be. The fact that, according to the 1991 annual report of the Administrative Office of the Illinois Courts, Madison County only terminated 6.1% of its law jury cases by a jury verdict in 1991 indicates that most likely this case will never be tried by a jury. (The greatest percentage of law jury cases terminated by jury verdict in 1991 occurred in the Ninth Circuit and that was by only a 10.6% rate.)

There were 1,473 cases of law jury over $15,000 filed, reinstated, or transferred in the circuit court of Madison County in 1991 according to the 1991 annual report of the Administrative Office of Illinois Courts. This large volume of cases necessitates that some of the 17 Madison County judges be assigned to hear nothing but law jury cases and become specialized in the various areas of tort law. It also necessitates having a jury panel available on an almost daily basis. These potential jurors are available for use in all types of cases set on the daily jury docket. Whether the case at bar is tried in Jersey County or Madison County will not make a great deal of difference to the Madison County juror, because that juror will be reporting for jury duty anyway. Whereas, in Jersey County, only 21 law jury cases over $15,000 were filed in 1991. A jury panel in Jersey County would not be on call on a daily basis; rather, it would be called when needed

over a period of time. This uncertainty as to jury service in a small county causes a major disruption to a juror's life and to other persons relying upon the juror, as the juror on call cannot be certain as to his or her availability for work, baby-sitting, doctor appointments, etc. Further, the sole resident judge in Jersey County, with some assistance from judges from other counties, has the responsibility to hear the 5,176 cases of all types that were filed in 1991. Many different conclusions could be reached as to the burden of jury trials on the citizens of the small county as opposed to the burden of jury trials on the citizens of larger counties. We will leave the questions of whether the cost and inconvenience to juries is less in large counties as opposed to small counties to the law journals. It should be obvious to all, however, that a jury trial of three or more weeks in Jersey County could cause a temporary major disruption of the court system, while the same trial would cause only minor inconveniences in Madison County.

We are also cognizant of other instances where citizens of other counties are burdened by jury service in cases that clearly should be tried in the home forum. Most notably are those cases involving changes of venue because of adverse publicity. The case at bar, however, is not so clearly connected to a single county, nor is this clearly a case of a local controversy. The local controversy does not really exist in this case, since both defendants are foreign corporations and neither has its main office in Jersey County, Illinois. As indicated before, any alleged acts of negligence by the defendants did not occur in Jersey County. Almost all of the treatment of plaintiff and a large amount of his pain and suffering occurred other than in Jersey County.

■ When one reviews the facts in *Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 568 N.E.2d 883, where the accident occurred in Gallatin County, the negligent act or omission occurred in Gallatin County, the vast majority of witnesses lived in Gallatin County or adjacent counties, one of the primary defendants lived in Gallatin County, the other primary defendant had its main office across the Ohio River from Gallatin County in Kentucky, one primary defendant's attorney's office was located in an adjacent county, the plaintiff lived in an adjacent county and her attorney was from Chicago, and all of deceased's medical treatment was rendered in counties other than St. Clair County, and yet the supreme court upheld the denial of a motion to change venue from St. Clair County, which was 150 miles from Gallatin County, we do not see how we could find in the case *sub judice* that the trial judge acted arbitrarily, without employing conscientious judgment, that his decision exceeded the bounds of rea-

son, and that substantial prejudice resulted. The Illinois county most convenient to try this cause is clearly Madison County, and thus, we cannot find that the trial judge abused his discretion in denying defendants' motions to change venue.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

CHAPMAN and MAAG, JJ., concur.