JANE DOE, Plaintiff-Appellee, v. TERRA PROPERTIES, INC., Defendant-Appellant.

Fifth District    No. 5—93—0346

Opinion filed April 13, 1994.

Richard E. Boyle and Robert D. Andrekanic, both of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellant.

Stephen C. Buser and Darren E. Daley, both of Freeark, Harvey, Mendillo, Dennis, Wuller & Buser, P.C., of Belleville, for appellee.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:

Defendant, Terra Properties, Inc., appeals from the denial of its motion to transfer for *forum non conveniens* from Madison County, Illinois, to Clinton County, Illinois.

Plaintiff filed her first amended complaint against Terra Properties, Inc., in Madison County, Illinois, on November 5, 1992. The circuit court granted plaintiff leave to proceed under a fictitious name as plaintiff alleges that she was criminally assaulted in an apartment that she was leasing that was owned, controlled, and/or managed by the defendant. The complaint alleges that plaintiff was a tenant in an apartment located in the City of Breese, Clinton County, Illinois, and that the defendant's registered agent and principal place of business is located in Highland, Madison County, Illinois. Plaintiff further alleged that there had been criminal activity at the North Cherry Courts Apartments, an apartment complex in which her apartment was located, prior to the assault upon her and that defendant knew or should have known of the criminal activity. Plaintiff goes on to allege various acts or omissions by the defendant that breach the duty of defendant to exercise reasonable care to protect plaintiff.

Both parties' attorneys have their offices in St. Clair County, Illinois, which are closer to the county seat of Madison County than to the county seat of Clinton County. The North Cherry Courts Apartments are owned by Farmers & Merchants Bank Trust No. 581 of Highland, Madison County, Illinois. Plaintiff's treating physician is located in Belleville, St. Clair County, Illinois. Plaintiff was treated after the assault at the St. Joseph Hospital in Clinton County. Furthermore, the Breese police department investigated the assault, and all of the investigating officers live in Clinton County.

Defendants claim that there is no connection between the criminal assault and Madison County. Not only is the situs of the incident in Clinton County, but the plaintiff and the vast majority of the witnesses live in Clinton County. Breese, Illinois, is approximately eight miles from the county seat of Carlyle in Clinton County and approximately 36 miles via the primary roads from Edwardsville, the county seat of Madison County. It would, therefore, be slightly more costly to the defendant to subpoena witnesses and more inconvenient for the witnesses who live in Clinton County to testify in Madison County than if the case were tried in Clinton County.

This case presents some novel and interesting questions as opposed to the normal *forum non conveniens* cases. Rather than spend a great amount of time and effort in repeating the public and private factors that every forum case dutifully recites, we will concentrate on the new issues raised. See *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 581 N.E.2d 644 (for a listing of the public and private factors).

We start with the premise that plaintiff's right to select the forum should rarely be disturbed unless there are public and private factors that weigh strongly in favor of the transfer. (*Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 581 N.E.2d 644.) This deference is given less weight when, as in this case, the plaintiff does not reside in the county in which she files suit. However, the right of the plaintiff to select her forum still is a substantial right even though she does not live in the county she has selected. *Mowen v. Illinois Valley Supply Co.* (1994), 257 Ill. App. 3d 712.

The forum that plaintiff selected in the case at bar so happens to be the defendant's home county in that defendant's home office is located in Madison County. Defendant may have a multitude of reasons for not wanting to defend a case in its home county, but any inconvenience for the defendant corporation and its officers does not appear of record.

The factors that weigh in defendant's favor for transfer of the case are the cost of obtaining willing witnesses and the view of the premises by the jury. It would entail more travel for a Madison County jury to view the premises, and most of the witnesses listed live in Clinton County, thus increasing the cost of travel and time for the witnesses if tried in Madison County.

There is also a public factor that is unusual, in that many of the potential witnesses are police officers from Breese, Clinton County. If such officers are subpoenaed to testify in Madison County, it may not only be inconvenient for the officers, but it may interfere with their duties. This factor weighs in favor of a transfer. However, the officers

will have to travel whether the case is tried in Edwardsville or Carlyle.

We are cognizant that Madison County has more lawsuits filed in it than the average county due to the location of steel mills, oil refineries, and barge lines within the county. Clinton County, on the other hand, is a rural county with fewer lawsuits filed per person than in Madison County. The 1991 annual report of the Administrative Office of the Illinois Courts to the Supreme Court of Illinois shows that lawsuits over $15,000 were on average disposed of within 21.5 months in Clinton County as opposed to 40.1 months in Madison County. However, as we pointed out in *Mowen*, only 6.1% of the lawsuits disposed of were terminated by a jury verdict in Madison County. In Clinton County 29.4% were terminated by jury verdict. (The 1990 annual report of the Administrative Office to the Supreme Court of Illinois shows 5.4% of the law-over-$15,000 cases disposed of by jury verdict in Madison County as opposed to 28.4% of the cases disposed by jury verdict in Clinton County.) For some reason, cases seem to be disposed of without the verdict of a jury more in Madison County than in Clinton County. The mere fact that it may take longer to try the average case to a verdict in Madison County than in Clinton County does not necessarily mean that this case could not be tried equally as quickly in Madison County as it could be in Clinton County. After all, many of the cases tried in Madison County involve complex issues that take several years of trial preparation no matter where the case is tried. The more cases filed that involve complex issues, the greater the average time for disposition of all cases.

We now address the most novel and difficult question. Plaintiff selected a forum in a county adjacent to her home. She went to the trouble of having her counsel request permission from the court that she be allowed to pursue her claim in the name of "Jane Doe," because if she "were required to proceed under her real name, it would subject her to further public humiliation, embarrassment and emotional trauma." We, of course, cannot make a determination of the truthfulness of the plaintiff's claim of being criminally sexually assaulted, but if her claim is true, the plaintiff must be suffering from a great degree of mental distress as shown by her filing of suit in another county and her use of a fictitious name.

The courts, because of male domination, have been accused of a lack of sensitivity to women's issues. This case provides an excellent set of facts that brings the issue squarely before the court.

It is often said that a rape victim usually is raped twice, once by the assailant and once by the legal system. Any normal person who has witnessed a rape victim testifying in court as to all of the

gruesome details should leave the courtroom wishing never to witness such an event again. If the testimony of a rape victim can make bystanders extremely uncomfortable, then what of the victim herself? It is easy to say, by one who has never been raped, that there is no reason for a rape victim to be humiliated or embarrassed about testifying because the victim did nothing wrong. Life is not so simple or logical.

We speak of the courts providing a "level playing field," being "evenhanded," being evenly balanced for the litigants, etc. Are we being evenhanded or providing a level playing field if we require the plaintiff to return to her home county and tell a hometown audience all of the details of the violation of her mind and body? We mean no criticism of the defendant, as, naturally, the defendant must seek the best forum for its own self interest. The fact, however, that the plaintiff so obviously does not want to be put on display in her home county gives the defendant a tremendous bargaining tool and advantage solely due to the choice of forum.

There is no reason to believe that the Madison County citizens would be more sympathetic to alleged rape victims than the citizens of Clinton County. There is nothing in the record that gives any indication that the defendant would be at a disadvantage in its home county or that the plaintiff would gain some advantage over the defendant by trying the case in Madison County rather than in Clinton County. Granted, keeping the trial in Madison County may make the plaintiff less inclined to settle the case and less reluctant to testify by eliminating some of plaintiff's apprehensions, but this is not tipping the scales of justice in favor of the plaintiff. Rather, we are merely balancing the scales of justice, so that both parties can freely and openly present their case to an impartial tribunal.

Where there are several available forums, we should give plaintiff's selection in a case involving a criminal sexual assault more deference than in the usual tort case, unless the defendant can demonstrate some offsetting disadvantage. It does not matter whether we label this factor public or private as it involves both public and private interests. In this case, the disadvantage of paying slightly higher witness-travel costs should be offset by the convenience of trying the case in a forum closer to the office of defendant's counsel and defendant's home office. Even if a Madison County judge decides that it is too much trouble for the jury to view the premises, that fact could be an equal, if not greater, disadvantage to the plaintiff than to the defendant. Moreover, there is no guarantee that a Clinton County judge would allow the jury to view the premises. The fact that police officers must travel farther and spend more time than they might if

the case were tried in Clinton County concerns us, but we are more concerned about providing a forum that is equally fair to the parties. We cannot say on the facts of this case that the trial judge abused his discretion by keeping the case in Madison County.

Accordingly, we affirm the denial of the motion to transfer for *forum non conveniens*.

Affirmed.

CHAPMAN and MAAG, JJ., concur.