SECOND DIVISION

MAY 11, 2004

No. 1-04-0515

TONI LEE PROUTY, Individually and ) Appeal from the

as Mother and Next Friend of ) Circuit Court of 

Dezirae Prouty, a Minor, ) Cook County.

)

Plaintiff-Appellee, )

   v. ) No. 03 L 07282

)

ADVOCATE HEALTH AND HOSPITALS )

CORPORATION, d/b/a Advocate Good )

Shepherd Hospital, )

) The Honorable, 

Defendant-Appellant 
 ) Michael J. Hogan,

 ) Judge Presiding.

)

(Tri-County Emergency Physicians, Ltd., )

Joseph Giangrasso, Geralynn S. Renner, )

John Breckerman, and Pediatric )

Care, P.C., )

)

Defendants). )

JUSTICE GARCIA delivered the opinion of the court: 

In this permissive interlocutory appeal taken pursuant to Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)), the defendant, Advocate Health and Hospitals Corporation, d/b/a Advocate Good Shepherd Hospital (Advocate), appeals from the circuit court's order denying its motion to transfer this case from the circuit court of Cook County to the circuit court of Lake County, based on the doctrine of 
forum
 
non
 
conveniens
.  Advocate claims that the trial court abused its discretion in denying the motion to transfer because private and public interest factors heavily weigh in favor of transfer.  Advocate also claims that plaintiff's choice of Cook County is forum shopping.   

BACKGROUND

The plaintiff, Toni Lee Prouty, filed a multicount complaint alleging medical malpractice in the treatment of her daughter, Dezirae Prouty.  The complaint named several defendants, including Advocate, Tri-County Emergency Physicians, Ltd.; Joseph Giangrasso, M.D.; Geralynn S. Renner, M.D.; John Beckerman
(footnote: 1), M.D.; and Pediatric Care, P.C.  Specifically, Prouty alleges that on September 17, 1997, when Dezirae was only one day old, a well-baby visit was conducted by Dr. Beckerman at Good Shepherd Hospital.  The complaint alleges that sometime between September 18 and 20, 1997, a representative of Dr. Beckerman's office contacted Prouty and cancelled a scheduled well-baby visit that was to occur sometime between September 18 and 20, 1997, because Dr. Beckerman would not accept Prouty's Illinois Department of Public Aid medical card.  On September 20, 1997, Dezirae was brought to Good Shepherd Hospital
's emergency department with complaints of poor feedings, inability to produce wet diapers, vomiting and apnea.  Dr. Beckerman was notified that his patient was in the emergency department.  However, he did not examine Dezirae, but provided consultation by telephone to the emergency department physician.  Dezirae was examined by defendants Dr. Joseph Giangrasso and Dr. Geralynn Renner.  A jaundice test was ordered.  After being in the hospital for just three hours, Dezirae was discharged from the emergency department with a diagnosis of jaundice. 

Prouty alleges that the defendants negligently treated Dezirae because they failed to order radiographic tests, failed to admit Dezirae to the hospital, failed to do a work-up for apnea, failed to diagnose Dezirae with dehydration, and failed to take her weight or pulse.  The plaintiff alleges that as a result Dezirae suffered severe cardiac arrest on September 23, 1997, which resulted in brain damage.  On September 23, 1997, Dezirae was again brought to Good Shepherd Hospital, but was taken by helicopter to Lutheran General Hospital, located in Cook County.  She was admitted to Lutheran General's emergency department for one or two days, and remained at Lutheran General for two weeks in the pediatric intensive care unit.  At Lutheran General, Dezirae had major surgery on her gastrointestinal tract.  She exhibited severe dehydration and renal failure.  
   

On September 19, 2003, Advocate filed a motion to dismiss for venue, requesting a transfer from Cook County to Lake County pursuant to Supreme Court Rule 187 (134 Ill. 2d R. 187) and the doctrine of 
forum
 
non
 
conveniens
.  In support of its motion, Advocate argued: (1) that all of the alleged negligent treatment was rendered at Good Shepherd Hospital in Lake County; (2) Pediatric Care is located in Lake County; (3) Dr. Beckerman resides in Lake County; (4) Tri-County Emergency Physicians is located in Lake County; (5) Dr. Giangrasso resides in Lake County; (6) Dr. Renner resides in Cook County; (7) Prouty resides in Lake County; and (8) Good Shepherd's risk manager, the designated trial representative for Good Shepherd Hospital, resides in McHenry County.  On December 30, 2003, Prouty responded to Advocate's motion to transfer.  In support of her motion, Prouty argued that Cook County is appropriate because it is the residence of three defendants, Dr. Renner, Tri-County, and Advocate.  Prouty argued that a majority of the treatment was administered at Lutheran General, that the substantial injuries occurred in Cook County, and that relevant medical doctors and records were in Cook County, mainly at Lutheran General.  Even though the negligent action occurred in Lake County, the injury, treatment and diagnosis occurred in Cook County.    

Citing to 
Bland v. Norfolk & Western Ry. Co.
, 116 Ill. 2d 217, 506 N.E.2d 1291 (1987), Advocate argued that the five treating physicians from Lutheran General should not have a significant bearing on the forum issue.  The trial court noted that these treating physicians were different from those considered in 
Bland
.  The trial court noted that this case does not indicate forum shopping because Dezirae was transferred from Good Shepherd Hospital to Lutheran General Hospital:  

"THE COURT: I think one of the similarities in those cases is that the reason the Courts don't consider treaters -- or many of them -- is because they say, well, they say you are forum shopping and you can just go get treaters in any county you want.  Certainly, that's not the case here.  The case here is [s]he was transferred, you know, from the Defendant's hospital.  So I think that's a consideration."  

On January 28, 2004, the trial court denied Advocate's motion to dismiss for venue.  In rendering its decision, the trial court reasoned: 

"THE COURT: I've read the arguments.  I've read the briefs and the case law.  Forum convenience allows the trial court to deny jurisdiction in exceptional cases.  The Plaintiff has a substantial interest in choosing the forum, and the choice should rarely be disturbed.  Plaintiff's choice, however, receives somewhat less deference when neither the Plaintiff's residence [n]or the site of the accident or injury is located in the chosen forum.   

Defendant must show the chosen forum is inconvenient to Defendants and the witnesses.  Defendant cannot assert that the Plaintiff's chosen forum is inconvenient to the Plaintiff.  The test is an unequal balancing test.  Transfer is appropriate only when litigation has no practical connection, no nexus with the Plaintiff's choice of forum.  

In our case, we have witnesses sprout out over three different counties, Cook, Lake, and McHenry.  I believe that since the Defendants transferred the Plaintiff to Lutheran General and to Cook County, these witnesses were not chosen for any other reason than Plaintiff's care -- Plaintiff's child's care and should be considered as any other witnesses.  Therefore, this Court finds the Defendant has not met its heavy burden and the motion is denied."  

Advocate filed a petition for leave to appeal, which we granted on March 25, 2004, pursuant to Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)).  

ANALYSIS

There is no venue issue presented in this case.  Both parties acknowledge that venue would be proper in Lake County or Cook County.  The issue presented falls under the doctrine of 
forum
 
non
 
conveniens
.  
Forum
 
non
 
conveniens
 is an equitable doctrine founded in considerations of fundamental fairness and sensible and effective judicial administration, which allows a trial court to decline jurisdiction in the exceptional case where trial in another forum with proper jurisdiction and venue would better serve the ends of justice.  
First American Bank v. Guerine
, 198 Ill. 2d 511, 515, 764 N.E.2d 54 (2002); 
Wieser v. Missouri Pacific R.R. Co.
, 98 Ill. 2d 359, 365, 456 N.E.2d 98 (1983).  

A trial court is vested with broad discretion in ruling on a 
forum
 
non
 
conveniens
 motion; its decision will be reversed only if it is shown that the court abused its discretion in weighing the relevant considerations.  
Washington v. Illinois Power Co.
, 144 Ill. 2d 395, 398, 581 N.E.2d 644 (1991); 
Griffith v. Mitsubishi Aircraft International, Inc.
, 136 Ill. 2d 101, 106, 554 N.E.2d 209 (1990).  In ruling upon a 
forum
 
non
 
conveniens
 motion, a trial court must apply a balancing test of various private interest factors affecting the litigants' convenience and various public interest factors affecting the administration of the courts.  See 
Washington
, 144 Ill. 2d at 399; 
Bland
, 116 Ill. 2d at 223-24. 

The private interest factors include: 

"‛the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'"  
Washington
, 144 Ill. 2d at 399, quoting 
Gulf Oil Corp. v. Gilbert
, 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 
67 S. Ct. 839, 843 (1947).

 Whereas, the public factors include: 

"the status of the court docket where the action was filed, imposition of jury duty on the community, and the local interest in having a localized controversy resolved at home."  
Washington
, 144 Ill. 2d at 399.  

"With these considerations in mind, the [
Gulf Oil
] Court concluded that ‛unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" 
Washington
, 144 Ill. 2d at 399, quoting 
Gulf Oil
, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843.  
The trial court does not weigh the private factors against the public factors.  Instead, the trial court must evaluate the totality of the circumstances in an effort to determine whether the defendant has proven the balance of factors strongly favor transfer.  
Guerine
, 198 Ill. 2d at 518.  

In addition to balancing the private and public interest factors, the trial court 
must also consider the plaintiff's substantial right to choose the forum in which to bring an action.  
Griffith
, 136 Ill. 2d at 106
.  Unless the private and public interest factors strongly weigh in favor of a transfer, the plaintiff's choice of forum will rarely be disturbed.  
Griffith
, 136 Ill. 2d at 106.  Courts have long recognized the deference given to the plaintiff's choice of forum, which is commonly referred to as an unequal balancing test.  
Griffith
, 136 Ill. 2d at 106-07; 
Wieser
, 98 Ill. 2d at 366.  However, where the plaintiff is not a resident of the chosen forum, the plaintiff's choice deserves less deference.  
Griffith
, 136 Ill. 2d at 106
. 

In 
Guerine
, the Illinois Supreme Court acknowledged that Illinois 
forum
 
non
 
conveniens
 law is less than clear.  
Guerine
, 198 Ill. 2d at 526.  The court attempted to clarify the doctrine:

"[A] trial court abuses its discretion in granting an intrastate 
forum
 
non
 
conveniens
 motion to transfer venue where, as here, the potential trial witnesses are scattered among several counties, including the plaintiff's chosen forum, and no single county enjoys a predominant connection to the litigation.  The balance of factors must strongly favor transfer of the case before the plaintiff can be deprived of his chosen forum."  
Guerine
, 198 Ill. 2d at 526.   

In the instant case, Advocate argues that Lake County is a more convenient forum because Prouty is not a resident of Cook County, the alleged malpractice has no connection to Cook County, Prouty is forum shopping, and Cook County would be an inconvenient forum because the hospital and medical records are located in Lake County.  Advocate claims that Cook County would be inconvenient for the hospital's risk manager and witnesses
.  Advocate further contends that Dezirae's treating physicians' location should not be considered based on 
Bland
. 

Advocate contends that because the private and public interest factors strongly favor transfer to Lake County, the trial court abused its discretion in denying its motion to transfer.  According to Advocate, a majority of the potential witnesses reside in or near Lake County.  In addition, Advocate maintains that Lake County, as the site of the alleged malpractice, has a stronger interest in resolving the instant litigation than does Cook County.  Advocate contends that Cook County lacks any significant factual connection to this case and that the Cook County docket is overcrowded.   

Upon review of the record in this case, we are unable to conclude that the trial court abused its discretion in denying 

Advocate's motion to transfer to Lake County.  Although we accord the nonresident plaintiff's choice of forum less deference than we would if she resided in Cook County, we cannot conclude that the relevant factors weigh strongly in favor of transfer.  First, there is unimpeded access to evidence and sources of proof in Cook County.  Second, the witnesses are dispersed fairly evenly among Cook, Lake and McHenry Counties.  Third, Cook County's interest in resolving the instant litigation is as strong as that of Lake County.  

Considering first the relevant private interest factors, we cannot conclude that trial in Cook County would obstruct the parties' access to evidence and sources of proof.  Advocate maintains that the relevant postincident medical records are located in Lake County at Good Shepherd Hospital.  However, this contention is not accurate.  Although the alleged malpractice occurred in Lake County at Good Shepherd Hospital, all of the relevant medical records and testimony relating to the injuries caused by the alleged malpractice are located at Lutheran General Hospital in Cook County.  Dezirae received the majority of her treatment at Lutheran General Hospital.  She was admitted to Lutheran General's emergency department for one or two days and was admitted to the pediatric intensive care unit for two weeks.  While admitted at Lutheran General, Dezirae experienced gastrointestinal surgery, dehydration and renal failure.  She received a diagnosis and treatment from the physicians at Lutheran General.  Although the facts are not clear as to how long Dezirae was at Good Shepherd Hospital, it is obvious from the facts that Dezirae spent more time at Lutheran General than at Good Shepherd, and the majority of treatment was done at Lutheran General.  The Lutheran General admission generated substantial medical records concerning Dezirae's condition and treatment.  
Therefore, the medical records and testimony of the treating physicians will be relevant in this case and should be considered under the unique circumstances of this case.  
 

Advocate next argues that virtually all of the occurrence witnesses reside or work in or near Lake County.  The record reveals that the trial court carefully considered the number of witnesses listed by the parties and their residences.  The trial court conducted a detailed analysis of the witnesses likely to be called at trial and concluded that the witnesses likely to testify were dispersed fairly evenly across Cook, Lake, and McHenry Counties.  Advocate argues, however, that the location of Dezirae's treating physicians should not be considered in light of 
Bland
.  Advocate's argument fails to recognize the unique circumstances in this case.  Dezirae, by no choice of her own, was transferred to Lutheran General Hospital in Cook County.
  The rationale behind not considering the locale of treating physicians was addressed in 
Bland
:  

"One should be cautious, however, not to give undue weight to the fact that a plaintiff's treating physician or expert has an office in the plaintiff's chosen forum.  To do so would allow a plaintiff to easily frustrate the 
forum
 
non
 
conveniens
 principle by selecting as a witness a treating physician or expert in what would, in reality, be an inconvenient forum."  
Bland
, 116 Ill. 2d at 227.

However, in the instant case, Prouty was not engaged in forum shopping when choosing a treating physician.  In fact, she did not choose these physicians.  Prouty came in contact with these physicians because Advocate transferred Dezirae to Lutheran General for medical treatment.  Also, as discussed above, the majority of Dezirae's treatment and diagnosis took place at Lutheran General.  The majority of the medical records are located at Lutheran General in Cook County.  Therefore, the trial court properly considered the location of the treating physicians.  

We turn next to the public interest factors to be considered.  Advocate argues that the public interest factors strongly favor transfer to Lake County.  Advocate asserts that the action should be transferred to Lake County because it has an interest in protecting persons within its borders.  In addition, Advocate argues that the docket of the Cook County court system is significantly more congested than that of Lake County.  

Although we agree that Lake County has an interest in resolving this litigation, we cannot conclude that Cook County lacks such an interest.  Any county to which Advocate provides service has an interest in the outcome of the case.  See 
Washington
, 144 Ill. 2d at 403.  Advocate maintains hospitals throughout Cook County, including Advocate Christ Hospital.  Furthermore, Dezirae remained in Lutheran General for over two weeks, compared to the few hours she was treated at Good Shepherd Hospital, and received the majority of her treatment in Cook County.  This treatment will be examined as part of the litigation, and, therefore, Cook County has an interest in the outcome of this litigation.    

As for the congestion factors, figures compiled by the Administrative Office of the Illinois Courts indicate that the average length of time from the date of filing to the date of final disposition for jury cases in excess of $50,000 is 23.5 months in Lake County.  In Cook County, the average time to try such a case is 38.1 months.  According to these figures, the Cook County court system is significantly more congested than that of Lake County.  However, "[c]ourt congestion is a relatively insignificant factor."  
Guerine
, 198 Ill. 2d at 517.  None of the other relevant factors, individually or collectively, can be said to weigh strongly in favor of transfer, however, and we find that the court congestion factor alone is not enough to justify transfer to Lake County.    

CONCLUSION   

Based on all of the unique circumstances presented in this case, we cannot conclude that the trial court abused its discretion in weighing the public and private interest factors.  It is clear from the record that the trial court considered all of the relevant arguments and factors in denying Advocate's motion to transfer.  It is evident that the trial court carefully weighed the relevant considerations and found that the factors do not weigh strongly in favor of transfer to Lake County.  We conclude, therefore, that the trial court did not abuse its discretion in denying Advocate's motion to transfer and affirm the trial court's decision.

Affirmed.

WOLFSON, P.J., and BURKE, J., concur.

FOOTNOTES
1: The caption spells this defendant's name as Breckerman. However, the complaint and both parties' briefs spell his name as Beckerman, and, therefore, we refer to him as Beckerman.