SIXTH DIVISION
April 18, 2008

No. 1-07-1971

| | | |
|---|---|---|
| LEONARD JAMES HACKL, as | ) | Appeal from the Circuit |
| Independent Executor of the Estate | ) | Court of Cook County. |
| of Cynthia Snow Hackl, deceased, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 06 L 8894 |
| | ) | |
| ADVOCATE HEALTH AND HOSPITALS | ) | |
| CORPORATION, an Illinois | ) | |
| corporation, d/b/a Advocate Good | ) | |
| Shepherd Hospital, | ) | Honorable |
| | ) | Diane J. Larsen, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff Leonard James Hackl (Hackl), as executor of the estate of decedent Cynthia Hackl, brought a medical malpractice action in the circuit court of Cook County against defendant Advocate Health and Hospitals Corporation, d/b/a Advocate Good Shepherd Hospital (Advocate). Advocate filed a motion seeking to transfer Hackl's action to the circuit court of Lake County under the doctrine of *forum non conveniens*, which the circuit court denied.

On permissive interlocutory appeal pursuant to Supreme Court Rule 306(a)(2) (210 Ill. 2d R. 306(a)(2)), Advocate contends that the circuit court abused its discretion when it denied Advocate's *forum non conveniens* motion because the court failed to properly balance the relevant private and public interest factors and

misapplied the "predominant connections" test.  For the reasons
that follow, we affirm.

BACKGROUND

In August 2006, Hackl filed in the circuit court of Cook
County a medical malpractice action asserting multiple wrongful
death and survival claims against Advocate and a number of other
medical providers on behalf of his decedent wife.  Specifically,
in addition to Advocate, Hackl named as defendants (1) Anne Marie
Kwiecien; (2) Maria Bleibel; (3) Hoffman Barrington Internal
Medicine Specialists, S.C. (HBIM); (4) Dr. Robert A. Small; and
(5) Dr. Gordon C. Newsom.

In his complaint, Hackl alleged that decedent had received a
cardiac pacemaker implantation on October 4, 2004.  Later that
month, on October 26, 2004, decedent presented with generalized
body pain and was admitted to Advocate Good Shepherd Hospital
(Good Shepherd) in Barrington, Illinois, which is located in Lake
County.  While decedent was at that hospital, decedent received
medical treatment from Kwiecien and Bleibel, both of whom were
nurses employed by Good Shepherd, and Dr. Small and Dr. Newsom,
both of whom were employed by HBIM.  Ultimately, on November 1,
2004, decedent died at Good Shepherd as a result of septic shock.
Hackl maintained that Kwiecien, Bleibel, Dr. Small, and Dr.
Newsom had each committed certain negligent acts or omissions
that had proximately caused decedent's death.

In February 2007, Advocate filed its *forum non conveniens*

motion in the circuit court of Cook County, seeking transfer of Hackl's action to the circuit court of Lake County.[1] As a preliminary matter, Advocate observed in its motion that (1) Hackl and decedent were residents of Lake County; (2) decedent received the allegedly negligent medical care and treatment at Good Shepherd in Lake County; (3) defendants Bleibel and Dr. Small were residents of Cook County; (3) corporate defendants Advocate and HBIM had offices in Cook County; (4) defendant Dr. Newsom was a resident of DuPage County; and (5) defendant Kwiecien was employed by Good Shepherd at the time of decedent's death, but subsequently moved to Arizona.

In addition, Advocate noted that Hackl, in his answers to interrogatories, had identified 15 other healthcare providers who had either provided medical treatment or possessed knowledge of relevant facts concerning decedent's care and treatment and 13 of those individuals were employees of Good Shepherd in Lake County. Advocate further noted that Hackl had identified seven members of decedent's family who had knowledge of relevant facts and that three of them resided in Lake County, two resided in McHenry County, and the remaining two resided in different states.

In regard to the substance of its motion, Advocate contended that the private and public and factors relevant to a *forum non conveniens* motion supported transfer from Cook County to Lake

---

[1]According to Advocate, at some time, the circuit court granted defendants Dr. Small, Dr. Newsom, and HBIM leave to join in Advocate's *forum non conveniens* motion.

County.  Advocate further contended that the circuit court should presume that Hackl had engaged in impermissible forum shopping when he chose to file his lawsuit in Cook County because Hackl was a resident of Lake County and the situs of decedent's injury was located in Lake County.  According to Advocate, Hackl's decision to file in Cook County was "a classic case of forum shopping and weighs in favor of [transfer to Lake County]."

In regard to the private interest factors, Advocate argued that it would be more convenient for the parties to transfer the case to Lake County because (1) Good Shepherd Hospital was located in Lake County; (2) defendants Bleibel, Dr. Small, and Dr. Newsom filed affidavits attesting that Lake County would be more convenient for them; (3) Joan Hagar, who was the designated representative for Good Shepherd Hospital, filed an affidavit attesting that Lake County would more convenient for her; and (4) plaintiff Hackl was a resident of Lake County.  Advocate further argued that transfer to Lake County was appropriate because a number of potential witnesses would be more accessible in Lake County, the original sources of proof, such as decedent's medical records, were located in Lake County, and Lake County would be a more convenient location for the jurors if the need arose to view the premises of Good Shepherd Hospital.

In regard to the public interest factors, Advocate argued that those factors "strongly favor[ed] transfer" of Hackl's case to Lake County.  In particular, Advocate asserted that Lake

4

County was the more appropriate forum because decedent and Hackl were residents of Lake County and decedent allegedly received negligent medical care in Lake County at Good Shepherd Hospital. Advocate emphasized that there were no allegations of medical negligence occurring in Cook County in connection with decedent's death. In addition, Advocate asserted that the Lake County court docket was less congested that the Cook County court docket and it would be unfair to burden Cook County jurors with an issue that involved Lake County residents receiving allegedly negligent medical care in Lake County.

Last, Advocate asserted that Hackl's choice of forum as the plaintiff in the underlying litigation should be afforded less deference because Cook County was neither Hackl's county of residence nor the situs of the underlying accident or injury.

In May 2007, Hackl responded to Advocate's *forum non conveniens* motion, arguing that Advocate's motion seeking transfer to Lake County "[had] everything to do with avoiding the Circuit Court of Cook County and nothing to do with convenience."

In that motion, Hackl noted that none of the named defendants were residents of Lake County and asserted that "Cook County [had] a substantial interest in the case because at the time they cared for [decedent], Dr. Small, Dr. Newsom, and Maria Bleibel lived in Cook County." Hackl further noted that Advocate operated 8 of its 10 hospitals in Cook County. Hackl also contended that Cook County was a convenient forum for Advocate

because Advocate had filed other lawsuits in Cook County to collect unpaid hospital charges incurred at Good Shepherd.

In relevant part, Hackl argued that his right as a plaintiff to select a forum was a substantial right that should rarely be disturbed and that Advocate had a heavy burden to meet in order to prevail on its *forum non conveniens* motion. Hackl recognized that his right was entitled to less deference because he had selected a foreign forum, but he emphasized that his forum choice was nevertheless "still entitled to deference."

In regard to the potential witnesses who worked at Good Shepherd in Lake County, Hackl noted that many of those witnesses were actually residents of Cook County and maintained that even those witnesses who were residents of Lake and McHenry counties would not be inconvenienced by traveling to Cook County because it was an adjacent county. Hackl characterized the affidavits of Bleibel, Dr. Newsom, and Dr. Small, who all attested that Lake County would be more convenient to them, as "self-serving and conclusory."

In regard to the court congestion at Cook County when compared to Lake County, Hackl maintained that court congestion was "not entitled to substantial weight." According to Hackl, the disposition time from filing to verdict was similar for the counties, namely, 32.7 months in Cook County compared to 29.0 months in Lake County. Hackl therefore argued that his case "can be tried as quickly in Cook County as Lake County."

In regard to the access of relevant sources of proof, Hackl contended that Advocate had sent the decedent's medical records to Cook County and the parties had already exchanged pertinent records via messenger or mail.  Hackl further contended that Cook County was convenient to the parties' attorneys because all of the defense attorneys maintained offices in Cook County and Hackl's attorneys had tried many cases in Cook County.

Last, Hackl relied on our supreme court's decision in First American Bank v. Guerine, 198 Ill. 2d 511 (2002).  Specifically, Hackl observed that the Guerine court had concluded that a "trial court abuses its discretion in granting an intrastate *forum non conveniens* motion to transfer venue where *** the potential trial witnesses are scattered among several counties, including the plaintiff's chosen forum, and no single county enjoys a predominant connection to the litigation."  Guerine, 198 Ill. 2d at 526.  According to Hackl, the relevant factors did not favor Advocate's motion seeking transfer.

Following a June 2007 hearing, the circuit court denied Advocate's *forum non conveniens* motion.  At that hearing, the court issued the following findings:

> "The court has considered all of the
> public and private interest factors as it is
> required to do so [by our supreme court.] The
> court finds significant connections to Cook
> County, being that individuals defendants

7

reside here in Cook County. The court does find that relevant to the analysis. The court also finds a lack of predominance in any one county. The court notes that the record indicates that Lake County is involved, DuPage County, even one witness is an out-of-state resident. So even under the <u>Guerine</u> decision, there is a lack of predominance in any one county. And given all of that on balance, it is more proper that the case pend here in Cook [County.]"

In July 2007, Advocate filed in this court a petition for leave to appeal pursuant to Supreme Court Rule 306(a)(2).

In October 2007, this court granted Advocate's petition for leave to appeal.

## ANALYSIS

On appeal, Advocate contends that the circuit court abused its discretion when it denied Advocate's *forum non conveniens* motion because the court failed to properly balance the relevant private and public interest factors and misapplied the "predominant connections" test. Specifically, Advocate asserts that a proper balancing of the private and public interests factors demonstrates that Lake County is the only forum to which the case *sub judice* has any substantial and predominant connection.

A.   Standard of Review

A trial court is entitled to considerable discretion when ruling on a *forum non conveniens* motion, and we therefore review its decision to grant or deny such a motion for an abuse of discretion.  Guerine, 198 Ill. 2d at 515.  In regard to the trial court's discretion concerning a *forum non conveniens* motion, our supreme court has repeatedly noted that "the *forum non conveniens* doctrine gives courts discretionary power that should be exercised *only in exceptional circumstances* when the interests of justice require a trial in a more convenient forum."  (Emphasis in original.)  Langenhorst v. Norfolk Southern Ry. Co., 219 Ill. 2d 430, 442 (2006).  Ultimately, when ruling on a *forum non conveniens* motion, the trial court abuses its discretion where no reasonable person would take the view adopted by the trial court. Dawdy v. Union Pacific R.R. Co., 207 Ill. 2d 167, 177 (2003).

B.   The Doctrine of *Forum Non Conveniens*

In Illinois, an action must be commenced in either (1) the county of residence of any defendant who is joined in good faith or (2) the county in which the cause of action arouse.  735 ILCS 5/2-101 (West 2006).  Where, such as here, there is more than one potential forum, the equitable doctrine of *forum non conveniens* may be invoked to determine the most appropriate forum.  Dawdy, 207 Ill. 2d at 171.  That doctrine, which is grounded in considerations of fundamental fairness and sensible and effective judicial administration, permits the court in which the action

9

1-07-1971

was filed to decline jurisdiction and direct the lawsuit to an alternative forum that the court determines can better serve the convenience of the parties and the ends of justice. Dawdy, 207 Ill. 2d at 171-72. *Forum non conveniens* is applicable when the choice is between interstate forums as well as when the choice is between intrastate forums, such as the case *sub judice*. Dawdy, 207 Ill. 2d at 176.

Our supreme court has identified two categories of factors relevant to a determination of a *forum non conveniens* motion, namely, private interest factors and public interest factors. Guerine, 198 Ill. 2d at 516. The private interest factors include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive, including the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of unwilling witnesses, and the ability to view the premises if appropriate. Guerine, 198 Ill. 2d at 516. The public interest factors include (1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested forums. Guerine, 198 Ill. 2d at 517.

10

In addition to the relevant private and public interest factors, another factor to be considered is the plaintiff's choice of forum in pursuing his action. Guerine, 198 Ill. 2d at 517. In particular, the plaintiff has a substantial interest in choosing in which forum his rights will be vindicated. Guerine, 198 Ill. 2d at 517. However, our supreme court has recognized that where the plaintiff selects a forum that is neither his resident forum nor the site of the accident or injury, the plaintiff's choice of forum is entitled to "somewhat less deference." Guerine, 198 Ill. 2d at 517.

The burden is on the defendant to prove that the balance of the appropriate factors "strongly favors" transfer, and a trial court must evaluate the total circumstances of the case. Guerine, 198 Ill. 2d at 518. It is settled that "no single *forum non conveniens* factor should be accorded central emphasis or conclusive effect." Dawdy, 207 Ill. 2d at 180. Accordingly, each *forum non conveniens* case must be considered as unique on its facts. Langenhorst, 219 Ill. 2d at 443.

C. Circuit Court's Denial of Advocate's *Forum Non Conveniens* Motion Seeking Transfer to Lake County

Here, the circuit court denied Advocate's motion seeking transfer of Hackl's lawsuit from Cook County to Lake County. In pertinent part, the court stated that it had (1) considered the requisite public and private interest factors; (2) found "significant connections" to Cook County because individual

11

defendants resided in Cook County; and (3) found a lack of predominance in any one county because the record indicated that Lake County, Cook County, and DuPage County were all involved and one defendant was an out-of-state resident.

After carefully considering the factors relevant to a *forum non conveniens* analysis, we conclude that a reasonable person could take the view adopted by the court. Therefore, we find that the trial court did not abuse its discretion when it denied Advocate's *forum non conveniens* motion.

### 1. *Hackl's Choice of Forum as Plaintiff*

Initially, we note that Advocate posits that Hackl has engaged in impermissible forum shopping by selecting Cook County as the form for his lawsuit. In response, Hackl counters that Advocate is being disingenuous when it claims that Cook County is an inconvenient forum. While impermissible forum shopping by plaintiffs must be discouraged, we are aware of the potential strategies of <u>both</u> plaintiffs and defendants in seeking to litigate in a particular forum, which includes those parties' respective attempts to either advance or oppose a *forum non conveniens* motion. In fact, as our supreme court has noted in its discussion of the doctrine of *forum non conveniens*:

> "'The truth of the matter is that both
> plaintiffs' counsel and defendants' counsel
> are jockeying for position by seeking a
> judge, jury and forum that will enable them

12

to achieve the best possible result for their clients. There is no doubt that in the personal injury context, the plaintiff is seeking a forum where he can recover the most money and the defendant is seeking a forum where it will have to pay the least. All other considerations are secondary to both sides.'" Guerine, 198 Ill. 2d at 521, quoting G. Maag, *Forum Non Conveniens in Illinois: A Historical Review, Critical Analysis, and Proposal for Change*, 25 S. Ill. U. L. J. 461, 510 (2001).

Nonetheless, consistent with the concerns of impermissible forum shopping by plaintiffs, it is indisputable that Hackl's selection of Cook County is entitled to less deference because it is a foreign forum. However, while Hackl's forum selection is entitled to less deference, we cannot wholly discount Hackl's forum selection or otherwise afford it no weight in our analysis. In our view, to do so would run afoul of our *forum non conveniens* jurisprudence, which requires us to consider all of the relevant factors. See, e.g., Dawdy, 207 Ill. 2d at 176 (focusing on a single factor in a *forum non conveniens* analysis would eliminate the valuable flexibility afforded by the doctrine).

## 2. *Private Interest Factors*

Next, turning to the private interest factors, we conclude

13

1-07-1971

that these factors do not strongly favor transfer of Hackl's action from Cook County to Lake County.

In regard to the convenience of the parties, four of the six named defendants are residents of Cook County. Specifically, the record establishes that Bleibel, Dr. Small, and HBIM are residents of Cook County. Advocate is a resident of Cook, DuPage, and Lake Counties and operates a number' of hospitals in the Chicago metropolitan area, including Good Shepherd in Barrington in Lake County. The two remaining defendants, namely Kwiecien and Dr. Newsom, are residents of Arizona and DuPage County, respectively. Thus, of the named parties in this litigation, four are residents of Cook County, two are residents of Lake County (including Hackl and Advocate's Good Shepherd Hospital), one is a resident of DuPage County, and one is a resident of the State of Arizona. Under these circumstances, it is logical to conclude that Cook County would be the most convenient forum for the majority of the parties.

We acknowledge, as Advocate directs to our attention, that three of the defendants who are not residents of Lake County, namely, namely, Dr. Newsom, Dr. Small, and Bleibel, filed affidavits wherein they each attested that although they were not residents of Lake County it would be a more convenient forum as compared to Cook County, primarily based on transportation, cost, and time concerns.

However, after reviewing these individuals' affidavits in

14

conjunction with their testimony during their depositions for Advocate's *forum non conveniens* motion, we note that there are ambiguities in those individuals' respective deposition testimony when compared with the information contained in their affidavits. In particular, Dr. Newsom attested in his affidavit that a trial in Lake County would be more convenient for him because of transportation concerns, but in his deposition he admitted that he never actually had driven from his residence to the Lake County courthouse in Waukegan and thus had no personal knowledge of how long that trip would take, nor had Dr. Newsom ever driven from his residence to the Cook County courthouse in Chicago. Dr. Newsom also acknowledged that he could take a train from his hometown of Bartlett to downtown Chicago.

Similarly, Dr. Small attested that trial would be more convenient for him in Lake County, but in his deposition he admitted that he did not know that the Lake County courthouse was located in Waukegan. Dr. Small further admitted that he did not have any personal knowledge about the traffic conditions during the morning rush hour in Lake County. Dr. Small was aware that there was a train station from his hometown of South Barrington to downtown Chicago, but he had never taken that train to Chicago.

Bleibel testified during her deposition that she was primarily concerned with distance to Chicago and the cost associated with parking. However, Bleibel further testified that

1-07-1971

it took her approximately one hour to drive from her home in Barrington to the Lake County courthouse in Waukegan and it took her approximately 1 hour and 10 minutes to take the train from Barrington to Chicago. In regard to the issue of parking costs, Bleibel acknowledged that if she took the train from Barrington to Chicago, she would not have to pay for parking charges.

Ultimately, in light of this testimony from Dr. Newsom, Dr. Small, and Bleibel, we are unable to accept Advocate's claim on appeal that those individuals' respective affidavits are dispositive of the issue of whether Lake County is a more convenient forum for the parties as compared to Cook County.

In regard to the remaining private interest factors concerning access to sources of testimonial, documentary, and real evidence, ability to view the site of the injury, and practical problems associated with a trial, we conclude that these factors are more or less balanced between Lake and Cook Counties and thus do not strongly favor transfer to Lake County.

First, although a number of potential witnesses are residents of Lake County, including various medical staff associated with Good Shepherd Hospital and family members of the decedent, a number of defendants are residents of Cook County. Furthermore, those residents of Lake County would be subject to subpoena and would have to appear in Cook County court.

Second, although the original sources of decedent's relevant medical records are located at Good Shepherd Hospital in Lake

16

County, we note that copies of those records would be available in Cook County, as Advocate recognizes in its reply brief.[2] Moreover, we fail to see how transportation or transfer of those records to Cook County would pose a significant burden on any of the parties, especially when Advocate maintains corporate offices and hospitals in Cook County.

Third, in regard to the possibility of viewing Good Shepherd Hospital, which is the site of the alleged injury to decedent, that factor favors Lake County. We note, as a practical matter, a viewing of the site is rarely or never called for in a medical negligence case. Moreover, that factor, standing alone, is simply insufficient to justify transfer to Lake County. Dawdy, 207 Ill. 2d at 180 (no single factor should control a *forum non conveniens* analysis).

### 3. *Public Interest Factors*

Last, we analyze the public interest factors relevant to Advocate's *forum non conveniens* motion, which include the interest in deciding localized controversies locally, the unfairness of imposing the expense of a trial and burden of jury duty on residents of a county with little connection to the litigation, and the administrative difficulties presented by adding further litigation to court dockets in already congested forums.

---

[2]In its reply brief, Advocate concedes that "*copies* of [decedent's] records would be accessible in Cook County." (Emphasis in original).

1-07-1971

Here, both Cook and Lake Counties have an interest in the underlying controversy. Lake County and its residents have an interest in Hackl's case because plaintiff and decedent are residents of Lake County and the allegedly negligent medical care was rendered at Good Shepherd Hospital in Lake County. In comparison, Cook County and its residents also have an interest in Hackl's case because defendant Advocate is a healthcare provider in Cook County and the greater Chicago area, including Lake and DuPage Counties. See Prouty v. Advocate Health & Hospitals Corp., 348 Ill. App. 3d 490, 497 (2004) (concluding that "any county to which [a healthcare provider] provides service has an interest in the outcome of the case"). Moreover, defendants Dr. Small and Bleibel are residents of Cook County. See Langenhorst, 219 Ill. 2d at 451 (a particular county has an interest in deciding a controversy involving one of its residents).

Consequently, in our view, it is implausible, if not disingenuous, to suggest that the residents of Cook County do not have a real and genuine interest in the underlying medical malpractice litigation of this case, which involves defendants who are residents of Cook County and healthcare providers in Cook County. Further, because of this undeniable interest, it is not unfair to impose the expense of trial and burden of jury duty on Cook County residents in association with this case.

In regard to the administrative aspects of litigation in

18

Cook County as compared to Lake County, the parties agree that in 2005, seven times more cases were filed in Cook County versus Lake County. In addition, the 2005 statistics from the Administrative Office of the Illinois Courts show that Cook County had 612 jury verdicts for cases seeking over $50,000 in relief, averaging 37.1 months from filing to verdict. In comparison, Lake County had 35 such cases, averaging 29 months from filing to verdict. While we recognize that Cook County does have more cases filed than Lake County and also takes more time for those cases to reach verdict, the busier docket of Cook County does not necessarily require that this case be transferred to Lake County when considered with the other factors we have dicussed. See, e.g., Guerine, 198 Ill. 2d at 525 (concluding that although Cook County had a busier docket than potential transferee county "court congestion alone is not dispositive").

In summary, after carefully reviewing the circuit court's decision with the appropriate level of deference and cognizant that a transfer pursuant to the doctrine of *forum non conveniens* is warranted only in "*exceptional circumstances*" (emphasis in original) (Langenhorst, 219 Ill. 2d at 442), we conclude that a reasonable person could adopt the view of the circuit court. Accordingly, we find that the circuit court did not abuse its discretion when it denied Advocate's *forum non conveniens* motion.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the

1-07-1971

circuit court.

Affirmed.

McBride, P.J., and McNulty, J., concur.

# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

| | |
|---|---|
| **TITLE of Case** | LEONARD JAMES HACKL, as Independent Executor of the Estate of Cynthia Snow Hackl, deceased,<br><br>Plaintiff-Appellee<br><br>v.<br><br>ADVOCATE HEALTH AND HOSPITALS CORPORATION, an Illinois Corporation, d/b/a Advocate Good Shepherd Hospital,<br><br>Defendant-Appellant. |
| **Docket No.** | 1-07-1971 |
| **COURT** | Appellate Court of Illinois<br>First District, Sixth Division |
| **Opinion Filed** | APRIL 18, 2008 |
| **JUSTICES** | JUSTICE O'MALLEY delivered the opinion of the court:<br>McBRIDE, P.J., and McNULTY, J., concur. |
| **Appeal's Origination** | Appeal from the Circuit Court of Cook County.<br>The Hon. Diane J. Larsen, Judge Presiding. |
| **Counsel for APPELLANT** | For Appellant, Joan M. Kubalanza, Jenny O. Blake, and Mehreen S. Sherwani, Lowis & Gellen, LLP, Chicago, Illinois. |
| **Counsel for APPELLEE** | For Appellee, Joseph E. Kolar, Baizer Kolar & Lewis, P.C., Highland Park, Illinois. |