2024 IL App (1st) 240399-U

SECOND DIVISION
October 29, 2024

No. 1-24-0399

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| FRANK GIANNAKOPOULOS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Cook County. |
| | ) |
| v. | ) |
| | ) |
| ADVENTIST BOLINGBROOK HOSPITAL n/k/a | ) |
| UCHICAGO MEDICINE ADVENTHEALTH | ) No. 23 L 8446 |
| BOLINGBROOK, ROSALIE E. BUDZYN, R.N., | ) |
| individually and as an agent of Adventist | ) |
| Bolingbrook Hospital, REBECCA BRASIC | ) |
| FLORES, R.N., individually and as agent of | ) |
| Adventist Bolingbrook Hospital, | ) Honorable |
| | ) Maureen O. Hannon, |
| Defendants-Appellants. | ) Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Ellis concurred in the judgment.

ORDER

¶ 1    *Held*: We affirm the order of the circuit court and remand for further proceedings. The circuit court did not abuse its discretion when it denied defendants' motion to transfer the action under the doctrine of *forum non conveniens*.

¶ 2    Plaintiff filed a complaint alleging that defendants committed medical negligence while providing care to him following surgery. As a result of defendants' alleged negligence, doctors

were required to amputate plaintiff's legs and lower arms. Plaintiff's claims are against the hospital and two nurses who provided care to him following his surgery.

¶ 3     Plaintiff filed this case in the circuit court of Cook County. Defendants, who all reside in Will County, filed a motion to transfer the action invoking the doctrine of *forum non conveniens*. Defendants contend that Will County is the better forum for this case. The circuit court denied defendants' motion to transfer under the doctrine of *forum non conveniens*. Defendants filed a motion for leave to appeal, which we granted. We affirm the circuit court's order and remand the case for further proceedings.

¶ 4                             BACKGROUND

¶ 5     On April 19, 2022, plaintiff Frank Giannakopoulos went to the emergency room at defendant Adventist Bolingbrook Hospital for treatment of a suspected bowel blockage and sepsis. Surgery was performed to remove the bowel obstruction, and plaintiff was placed in the intensive care unit. The doctors ordered that plaintiff be given vasopressors. Vasopressors are a class of medication that help raise a person's blood pressure when the blood pressure is otherwise too low to circulate enough blood to the person's organs. Vasopressors constrict the arteries to increase blood flow, and prolonged constriction of the arteries can potentially lead to limb necrosis.

¶ 6     While in the intensive care unit and being given vasopressors, plaintiff was under the care of two registered nurses, defendants Rosalie E. Budzyn and Rebecca Brasic Flores. Plaintiff alleges that while the vasopressors were being administered to him, the defendant-nurses failed to properly administer and reduce the drugs administered, failed to properly monitor and maintain his arterial pressure, and failed to properly communicate with the physicians. As a

result of these alleged failures, plaintiff suffered limb necrosis which required that his arms and legs be amputated.

¶ 7    Plaintiff filed this case in the circuit court of Cook County. Plaintiff is a resident of Will County. The two defendant-nurses work and reside in Will County. The defendant-hospital at which the alleged negligence occurred is in Will County. However, the defendant-hospital transferred plaintiff to Holy Family Hospital, located in Cook County, for further treatment. At Holy Family Hospital, doctors amputated plaintiff's legs, and his lower arms were amputated at Loyola MacNeal Hospital, also in Cook County. Plaintiff receives ongoing care at Northwestern Hospital and Shirley Ryan Ability Lab, both in Cook County.

¶ 8    Based on the case's connections to Will County, defendants filed a motion to transfer the action under the doctrine of *forum non conveniens*. The trial court denied defendants' motion to transfer the case. Defendants filed a petition for leave to appeal to this court, which we granted. Defendants elected to stand on their petition for leave to appeal, and plaintiff filed a response brief.

¶ 9                                    ANALYSIS

¶ 10    On appeal, defendants argue that the trial court abused its discretion when it denied their motion to transfer the action under the doctrine of *forum non conveniens*.

¶ 11    The doctrine of *forum non conveniens* allows a court to decline to exercise jurisdiction over a case, even though it may have proper jurisdiction over the subject matter and the parties, "if it appears that another forum can better serve the convenience of the parties and the ends of justice." *Fennell v. Illinois Central Railroad Co.*, 2012 IL 113812, ¶ 12. The doctrine is founded upon considerations of fundamental fairness and sensible and effective judicial administration. *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005).

¶ 12     In determining whether a case should be transferred or dismissed on grounds of *forum non conveniens*, courts must balance certain public and private interest factors. *Id.* at 169-70. The court must evaluate the totality of the circumstances in the case to determine whether the balance of factors "strongly favors" dismissal or transfer. *Fennell*, 2012 IL 113812, at ¶ 17.

¶ 13     The private interest factors to be considered in a *forum non conveniens* case include: the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises, and, if appropriate, all other practical considerations that make a trial easy, expeditious, and inexpensive. *First American Bank v. Guerine*, 198 Ill. 2d 511, 516-17 (2002). The public interest factors to be considered in a *forum non conveniens* case include: the administrative difficulties caused when litigation is handled in congested venues; the unfairness of imposing jury duty upon residents of a community with no connection to the litigation; and the interest in having local controversies decided locally. *Id*.

¶ 14     A court is to neither weigh the private interest factors against the public interest factors nor is it to emphasize any one factor. *Langenhorst v. Norfolk Southern Railway Co.*, 219 Ill. 2d 430, 444 (2006). Rather, the court must consider all relevant factors and evaluate the totality of the circumstances in determining whether the balance of factors strongly favors transfer. *Id.* at 443.

¶ 15     A trial court's decision to grant or deny a motion to transfer under the doctrine of *forum non conveniens* is reviewed for an abuse of discretion. *Id.* at 453-54. As we have previously observed, orders denying motions based upon the doctrine of *forum non conveniens*

have generally only been reversed when "the connection between the litigation and the plaintiff's chosen forum is 'so slight as to be virtually non existent,' or when a reviewing court determines that there has been an abuse of discretion by the trial court." (Quotations in original) (internal citations omitted). *Snook v. Lake Forest Hospital*, 133 Ill. App. 3d 998, 1000–01 (1985). An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or when no reasonable person would take the same view. *Christmas v. Dr. Donald W. Hugar, Ltd.*, 409 Ill. App. 3d 91, 100 (2011). Each *forum non conveniens* case must be decided on its own considerations of convenience and fairness. *Schuster v. Richards*, 2018 IL App (1st) 171558, ¶ 49.

¶ 16    *Plaintiff's Choice of Forum*

¶ 17    Before weighing the private and public interest factors that are relevant to a *forum non conveniens* analysis, the court must determine how much weight to attach to the plaintiff's choice of Cook County as the forum. Under a typical *forum non conveniens* analysis, a plaintiff's right to select the forum is substantial and should rarely be disturbed. *Fennell*, 2012 IL 113812, at ¶ 18. However, the plaintiff's choice of forum is not entitled to the same weight or deference in all cases. *Dawdy v. Union Pacific Railroad*, 207 Ill. 2d 167, 173 (2003). When a plaintiff chooses the site of the injury or his own home forum, it is reasonable to assume that the choice of forum is convenient. *Id.* However, when the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur there, the plaintiff's choice of forum is accorded less deference. *Id.* at 173-74. The trial court recognized that the alleged malpractice occurred in Will County and that plaintiff resides in Will County, and the court explained that plaintiff's choice of forum was entitled to less deference as a result.

¶ 18   Defendants contended in their motion to transfer that the location of subsequent treaters should be given little weight because a plaintiff could otherwise determine the forum by going to that forum for care.

¶ 19   But the trial court found that plaintiff did not select the hospital to which he was transferred. After the alleged event of negligence in this case, the defendant-hospital transferred plaintiff to Ascension Holy Family Medical Center in Cook County for continuing treatment. Plaintiff remained at Holy Family in Cook County for six months. He was treated by a doctor at Holy Family who performed bilateral below-the-knee amputations. Plaintiff was later treated by a doctor at Loyola University Medical Center in Cook County who amputated his left arm and his right hand. Plaintiff was treated at Resurrection Hospital in Cook County for an infection in the area where his left leg was amputated and he had dozens of postoperative and follow-up appointments in Cook County.

¶ 20   Plaintiff was admitted to Edward Hospital in DuPage County in 2023 to treat the chronic infection of his left leg stump. He has received inpatient rehabilitation services at three different rehabilitation centers; one in Cook County, one in Will County, and one in DuPage County. Plaintiff is currently under the care of two doctors at Northwestern Medicine in Cook County. Plaintiff also currently undergoes physical therapy and occupational therapy at Shirley Ryan Ability Lab in Cook County.

¶ 21   The defendant-hospital transferred plaintiff to Holy Family, in Cook County, removing any possible taint of forum shopping by plaintiff. The significant contacts the case has with Cook County and the reason so many of the treating physicians are located in Cook County stems from the defendant-hospital's decision to transfer plaintiff to a hospital in Cook County. Plaintiff was

not the impetus for the move to Cook County, it was the defendant-hospital's decision to effectuate the transfer.

¶ 22    To support their argument that the site where the alleged negligence occurred should predominate over the location of treatment, defendants rely on our decision in *Kahn v. Enterprise Rent-A-Car Co.*, 355 Ill. App. 3d 13 (2004).

¶ 23    In *Kahn*, two children were hit by a car in DuPage County. *Id*. at 15-16. After receiving treatment at a hospital in DuPage County, one of the children was airlifted to Lutheran General Hospital in Cook County, where he was briefly treated before dying from his injuries. *Id*. at 16. The children's representative filed suit in Cook County, and the defendants filed a motion to transfer under the doctrine of *forum non conveniens*. The trial court denied the defendants' motion to transfer, and we reversed. *Id*. at 28.

¶ 24    In reversing the trial court's decision in *Kahn*, we observed that that the case had very little connection to Cook County. We explained that "the major issue to be determined in this case" is whether the defendant was negligent in striking the children with his car while they were crossing the intersection in DuPage County. *Id*. at 25. "The only relationship between this case and Cook County is the fact that [one of the children], *and only [that child]*, was transferred to Lutheran and died at Lutheran shortly thereafter." *Id*. (Emphasis in original). We observed that the plaintiff did not identify any of the medical providers as expected witnesses, let alone medical providers in Cook County. *Id*. Meanwhile, there were nine occurrence witnesses in DuPage County, the first responders were located in DuPage County, and the initial medical providers were in DuPage County. One of the children was not transferred to or treated in Cook County at all, and all of the events insofar as it concerned that child and co-plaintiff were solely in DuPage County.

¶ 25    The *Kahn* court specifically distinguished the case before it from cases of medical negligence in which the testimony of subsequent doctors treating the plaintiffs were extensive and necessary to establish that the defendant-doctors were negligent in their prior care of the plaintiffs. *Id*. at 26. The child that died in *Kahn* was only treated in Cook County for a very short time before the child died. In contrast, this plaintiff was treated inpatient in Cook County for six months. We do not find that *Kahn* demonstrates the trial court abused its discretion.

¶ 26    Instead, this case is more similar to *Prouty v. Advocate Health & Hospitals, Corp.*, 348 Ill. App. 3d 490, 497 (2004) in which we held that the trial court did not abuse its discretion in denying a motion to transfer under the doctrine of *forum non conveniens*. In *Prouty*, the plaintiff was transferred by a hospital in Lake County to a hospital in Cook County. *Id*. at 496-97. We observed that the majority of the plaintiff's treatment and diagnosis occurred at the second hospital, the one in Cook County. *Id*. at 497. The plaintiff was transferred to the hospital in Cook County through no choice of her own, so we found that the trial court properly considered the location of the treating physicians when conducting the *forum non conveniens* analysis. *Id*.

¶ 27    While we do not disagree with the trial court's conclusion that plaintiff's choice is entitled to less deference because it was not the county where the negligent conduct occurred nor is it the residence of plaintiff, plaintiff's choice of forum deserves some limited deference as a site where plaintiff received a significant amount of treatment.

¶ 28    *Private Interest Factors*

¶ 29    The first private interest factor we consider is the convenience of the parties. As defendants point out, plaintiff resides in Will County. However, "the defendant cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff." *Langenhorst*, 219 Ill. 2d at 444. Defendants highlight that both nurse-defendants live in Will County and the hospital at which the

alleged negligence occurred is in Will County. The trial court agreed with defendants that this factor favored Will County as the better forum.

¶ 30     The second private interest factor we consider is the relative ease of access to sources of testimonial, documentary, and real evidence. Defendants argue that this factor "weighs heavily in favor of transferring this matter to Will County." The trial court found that the relative ease of access to evidence weighs against transfer in this case. As we have observed in a similar case, "[t]he location of relevant documents does not strongly favor either county, as most of the documents in this case are medical records, and such records are easily portable." *Petrungaro v. Jayachandran*, 2022 IL App (1st) 220304, ¶ 30 (citing *Hackl v. Advocate Health & Hospitals Corp.*, 382 Ill. App. 3d 442, 451 (2008)).

¶ 31     In regard to testimonial evidence, aside from the two attending nurses, defendants did not identify any defense witnesses in their motion to transfer the case. In opposition to defendants' *forum non conveniens* motion, plaintiff submitted affidavits from several expected trial witnesses who averred that a trial in Cook County would be more convenient than Will County. Plaintiff has identified and presented affidavits from doctors and other medical professionals who treated plaintiff that work or reside in Cook County and are likely to provide testimony in this case. They averred that Cook County would be more convenient than Will County. In this case, the trial court determined Cook County will not obstruct the parties' access to evidence or other sources of proof. In fact, access to what appears to be the majority of relevant evidence and the majority of treating medical personnel favors Cook County over Will County. Defendants have not shown that this factor favors transfer to Will County.

¶ 32     The third private interest factor we consider is the availability of compulsory process to secure attendance of unwilling witnesses. Defendants acknowledge that compulsory process is

available under Illinois Supreme Court Rule 237 (eff. Oct. 1, 2021) (West 2022) in both Cook and Will counties. Defendants acknowledge that either a Cook or Will County judge has the authority to subpoena an unwilling witness. The trial court found this factor to be neutral, but defendants argue that the trial court erred in this respect because it ignored the costs associated with attending trial in downtown Chicago. However, defendants ignore that many of the expected trial witnesses live and work in Cook County. Defendants focus on the witnesses to the actual negligent event, but they ignore the number of witnesses and the amount of evidence present in Cook County. As to all the expected witnesses from Cook County, they would incur the same types of costs by being required to travel to Will County for trial. Defendants have not shown that this factor favors transfer to Will County.

¶ 33    The fourth private interest factor we consider is the cost to obtain attendance of willing witnesses. The trial court observed that plaintiff identified nine medical providers as witnesses who are located in Cook County while identifying just one that is located in DuPage County. The trial court also observed that some expected witnesses live in Cook, Lake, and DuPage counties. Defendants argue that the witnesses to the allegedly negligent event are the witnesses the court should consider, and those witnesses are in Will County.

¶ 34    In its motion to transfer, defendants did not identify any potential trial witnesses. The trial court based its decision regarding the cost of obtaining the attendance of witnesses on the information available to it, and it concluded that the expense of trial for the few witnesses in Will County did not justify disturbing plaintiff's choice of forum where many of the witnesses are located in Cook County. Defendants have not shown that this factor favors transfer to Will County.

¶ 35     The fifth private interest factor we consider is the possibility of viewing the premises. The trial court found that there was a slim likelihood that a site visit would be required because this is a medical negligence case. Defendants argue that "whether viewing the premises is likely or unlikely does not factor into the balance under Illinois law." However, defendants have not identified anything about the site of the alleged negligence that would make a site visit likely to be appropriate. See *Blake v. Colfax Corp.*, 2013 IL App (1st) 122987, ¶ 22. We have previously observed in a medical malpractice case that "viewing the premises would be highly unlikely" in such a case. *Evans v. Patel*, 2020 IL App (1st) 200528, ¶ 46 (internal quotation marks omitted). While defendants argue that the likelihood of a site visit does not factor into the equation, it is defendants' burden to show that the totality of these factors strongly favor transfer. If a site visit is an irrelevant factor, then this factor does not support a transfer of the case. Defendants have not shown that this factor favors transfer to Will County.

¶ 36     Finally, as a sixth private interest factor of sorts, we consider all other practical considerations that make a trial easy, expeditious, and inexpensive. The trial court raised the location of the parties' attorneys and noted that they all have offices in Cook County. Defendants point out that, while their attorney's firm has offices in both Cook and DuPage counties, the attorney of record in the case works out of DuPage County. This fact does not support defendants' position for transfer. Defendants do not prevail on their motion by simply casting Cook County as inconvenient. They prevail by showing Will County is the most convenient forum. The fact that defendants' attorney works out of a third location, DuPage County, does not support Will County as the most convenient forum. Anyhow, the location of the parties' attorneys is a consideration accorded little weight. *Langenhorst*, 219 Ill. 2d at 446, 450.

¶ 37    Defendants also argue that, while a witness only needs to attend court for one day, they, as parties, will need to be present every day and "attending trial in a foreign county would be exceedingly difficult." This consideration is present in most *forum non conveniens* cases. The inconvenience is minimized here as the counties are contiguous. See *Foster v. Hillsboro Area Hospital, Inc.*, 2016 IL App (5th) 150055, ¶¶ 36, 45 (where counties are contiguous, the relatively short distance between the chosen forum and the alternate forum substantially reduces the burden of travel and makes it unlikely that a trial in one county would be significantly more costly or inconvenient). Defendants also point out that there will be traffic and parking costs associated with a trial in Cook County, and while this consideration favors defendants in the *forum non conveniens* analysis, it is not due substantial weight.

¶ 38    *Public Interest Factors*

¶ 39    The first public interest factor we consider is the administrative difficulties caused when litigation is handled in congested venues. Citing the 2022 Annual Report of Illinois Courts, defendants point out that there are more pending cases in Cook County than in Will County. Defendants also point out that there was a 7.2% decrease in open cases in Cook County in 2022 while there was a 16.8% decrease in open cases in Will County. Finally, defendants point out that the average time for a case ending in a jury trial was 52.5 months in Cook County while it was 44.9 months in Will County. Defendants contend that, not only is Will County less congested, it also resolves cases more quickly.

¶ 40    Plaintiff, however, submitted evidence to the trial court that, as of 2021, the average clearance time for cases in Cook County was 43.4 months while it was 57.6 months in Will County. The trial court observed that court congestion could not be considered a strong factor here because there was no evidence Will County would be more efficient in processing the case.

Indeed, our supreme court has held that "court congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly. *Guerine*, 198 Ill. 2d at 517; see also *Langenhorst*, 219 Ill. 2d at 452 (the factor of court congestion does not favor transfer where defendants have not shown that the case would be resolved more quickly in the other county). Here, defendants failed to show that court congestion or processing time strongly favors this case being transferred.

¶ 41    Defendants combine their discussion of the second and third public interest factors. The second public interest factor we consider is the unfairness of imposing jury duty upon residents of a community with no connection to the litigation. The third public interest factor we consider is the interest in having local controversies decided locally. Defendants argue that, because the alleged negligence occurred in Will County and because plaintiff and the named defendants reside in Will County, Will County has a far more compelling connection to the litigation.

¶ 42    As the trial court observed, the defendant-hospital here elected to transfer plaintiff to a hospital in Cook County for the continuation of his treatment. While plaintiff was at the defendant-hospital for one month, he was at Holy Family Hospital in Cook County for the subsequent six months. Plaintiff continued with his follow-up care and some of his rehabilitation in Cook County. The majority of plaintiff's treatment in this case was in Cook County and, thus, Cook County has an interest in the outcome of this litigation. *Prouty*, 348 Ill. App. 3d at 497. This case does not present a "local controversy" that calls for being decided locally in a particular county as the case contains a series of events that happened across multiple counties.

¶ 43    Additionally, the defendant-hospital is part of a healthcare provider that has significant operations in Cook County. The hospital-defendant's registered agent is in Cook County. Defendants argue that the fact that its headquarters is in Cook County or the fact that it has

operations in Cook County is mostly irrelevant because the alleged negligence occurred in Will County. But Cook County residents have an interest in the quality of medical care provided by the defendant-hospital because of the hospital's broad presence in the county. See *id*. Defendants have not shown that these two factors strongly favor transfer to Will County.

¶ 44    *Balancing of Factors*

¶ 45    To show an entitlement to a transfer based on the doctrine of *forum non conveniens*, a defendant must do more than show that the plaintiff's choice of forum is inconvenient to it. *Guerine*, 198 Ill. 2d at 515. The defendant must show that the specific alternative forum is strongly favored over the forum the plaintiff has chosen. *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 108 (1990). While defendants have shown that some minor considerations favor a transfer of the case, they have not shown that the alternative forum is strongly favored. Defendants have failed to establish that Will County is a strongly favored alternative to Cook County such that the trial court could be said to have abused its discretion in denying defendants' motion to transfer the action under the doctrine of *forum non conveniens*.

¶ 46    Our supreme court has repeatedly instructed that dismissal or transfer under the doctrine of *forum non conveniens* is an act that should be done "*only in exceptional circumstances* when the interests of justice require a trial in a more convenient forum." *Langenhorst*, 219 Ill. 2d at 442 (emphasis in original). We do not find this case to present such an exceptional circumstance. Moreover, in a *forum non conveniens* context, a reviewing court "is not to substitute its judgment for that of the trial court or even to determine whether the trial court exercised its discretion wisely; but rather, its role is to determine whether the trial court abused its discretion." *Bird v. Luhr Bros.*, 334 Ill. App. 3d 1088, 1091 (2002).

¶ 47    The trial court here considered all the proper factors and issued a thoughtful written ruling after balancing the evidence. There is no indication that the trial court overlooked or ignored the relevant evidence. An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or when no reasonable person would take the same view. *Christmas*, 409 Ill. App. 3d at 100. We cannot say the trial court's decision was arbitrary, fanciful, or unreasonable or that no reasonable person could take the view that the trial court took here. Therefore, we find no abuse of discretion and we affirm the trial court's order denying defendants' motion to transfer under the doctrine of *forum non conveniens.*

¶ 48                                    CONCLUSION

¶ 49    Accordingly, we affirm and remand the case to the circuit court for further proceedings.

¶ 50    Affirmed and remanded.